Gail J. Standish (SBN: 166334)
gstandish@winston.com
Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Dan K. Webb (admitted *pro hac vice*)
dwebb@winston.com
Stephen V. D'Amore (admitted *pro hac vice*)
sdamore@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Attorneys for Defendant
THE CORN REFINERS ASSOCIATION, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN SUGAR COOPERATIVE, a Colorado cooperative, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ARCHER-DANIELS-MIDLAND COMPANY, a Delaware corporation, *et al.*,<br><br>Defendants. | **Case No. CV11-3473 CBM (MANx)**<br><br>**CRA'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Second Amended Complaint Filed: November 11, 2011 |

Defendant The Corn Refiners Association, Inc. ("CRA") hereby submits the following Answer to the Second Amended Complaint of Plaintiffs Western Sugar Cooperative, Michigan Sugar Company, Inc., United States Sugar Corporation, American Sugar Refining, Inc., The Amalgamated Sugar Company LLC, Imperial

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Sugar Corporation, Minn-Dak Farmers Cooperative, The American Sugar Cane League of the U.S.A., Inc., and The Sugar Association, Inc. (collectively, "Plaintiffs"). CRA submits its Answer on behalf of CRA only. No allegations as to the other Defendants are admitted or denied. For its Answer, CRA states as follows:

## PROLOGUE

1.      CRA is informed and believes that HFCS began to be used in American food (but not beverages) in the late 1960s, and that the extent of its use has varied since that time. Further answering, CRA is informed and believes that there has been a growth in American obesity, but denies that the trend in American obesity has tracked the extent of reported per capita consumption of HFCS in the United States. CRA admits that some observers initially published a hypothesis of a theoretical correlation (based on partial and incomplete data) between the rise in HFCS consumption and obesity, but that at least one of these initial observers has recanted that hypothesis. CRA denies that there exists a correlation or any causative relationship in the data tracking HFCS consumption and obesity rates over time. CRA lacks knowledge sufficient to form a belief as to the truth of the allegation contained in the last sentence of Paragraph 1. CRA denies any remaining allegations of Paragraph 1.

2.      CRA admits that some manufacturers have replaced HFCS with sucrose (referred to herein as "refined sugar" or "table sugar") and have promoted their products' absence of HFCS. CRA denies that there is any credible science showing a unique link between consumption of HFCS and obesity or other health problems that does not exist with respect to other sugars, including refined sugar produced from cane or beet plants. CRA denies the remaining allegations of Paragraph 2.

3.      To the extent the allegations of Paragraph 3 are directed to the conduct of other Defendants, no response from CRA is required. If a response to such allegations is required, CRA lacks knowledge sufficient to form a belief as to the truth of such allegations and, on that basis, denies the same. CRA admits that it has submitted a

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

2

citizen's petition requesting, *inter alia*, the U.S. Food and Drug Administration ("FDA") to authorize "corn sugar" as an alternate common or usual name for HFCS (the "Citizen's Petition"). CRA further admits that it has undertaken an educational campaign to explain the merits of HFCS and its Citizen's Petition. CRA further admits that, as part of its educational campaign, it has stated that HFCS is "natural" pursuant to the policy used by the FDA; and that "sugar is sugar" and "your body can't tell the difference" between HFCS and refined sugar because HFCS is "nutritionally the same as table sugar" and metabolized by the body in the same way. CRA denies any remaining allegations of Paragraph 3.

4.      The allegations of Paragraph 4 assert conclusions of law to which no response is required. To the extent a response is required, CRA denies the allegations of Paragraph 4.

5.      CRA admits that "corn sugar" is currently one of multiple FDA-approved names for dextrose only for the purpose of food ingredient labeling. The remaining allegations of Paragraph 5 assert conclusions of law to which no response is required. To the extent a response is required, CRA denies the remaining allegations of Paragraph 5.

6.      The allegations of Paragraph 6 assert conclusions of law to which no response is required. To the extent a response is required, CRA denies the allegations of Paragraph 6.

7.      The allegations of Paragraph 7 assert conclusions of law to which no response is required. To the extent a response is required, CRA denies the allegations of Paragraph 7, including, without limitation, the allegation that sugar made from cane or beet plants is the only "real" sugar.

8.      The allegations of Paragraph 8 assert conclusions of law to which no response is required. To the extent a response is required, CRA denies the allegations of Paragraph 8, including, without limitation, any allegation that sugar made from cane or beet plants is the only "real" sugar.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

9.      The allegations of Paragraph 9 assert conclusions of law to which no response is required.  To the extent a response is required, CRA denies the allegations of Paragraph 9, including, without limitation, any allegation that sugar made from cane or beet plants is the only "real" sugar.

10.     CRA, for itself, does not dispute that the Court has jurisdiction.

11.     CRA, for itself, does not dispute that venue is proper in this judicial district.

12.     CRA lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 and, on that basis, denies the same.

13.     CRA lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 and, on that basis, denies the same.

14.     CRA lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 and, on that basis, denies the same.

15.     CRA lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 and, on that basis, denies the same.

16.     CRA lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and, on that basis, denies the same.

17.     CRA lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and, on that basis, denies the same.

18.     CRA lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and, on that basis, denies the same.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

19.    CRA lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and, on that basis, denies the same.

20.    CRA lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and, on that basis, denies the same.

21.    CRA lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and, on that basis, denies the same.

22.    CRA admits that it is a national trade association that was created in 1913 and funded by its membership.  CRA further admits that it is a Delaware corporation located at 1701 Pennsylvania Ave. NW, Suite 950, Washington, DC 20006.  CRA further admits that it represents the corn refining (wet milling) industry of the United States and that certain CRA members' business includes the manufacture, promotion, and sale of HFCS.  CRA denies any remaining allegations of Paragraph 22, including, without limitation, any allegation that it acts as the agent for any of its members.

23.    CRA admits that Mark A. Bemis is a member of the CRA Board of Directors and that Dennis C. Riddle was the Chairman of the Board in 2010.  CRA also admits that ADM is a CRA member.  CRA denies that Mr. Riddle is a member of the CRA Board of Directors.  CRA lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23, and, on that basis, denies the same.

24.    CRA admits that Alan D. Willits and Jeff A. Cotter are members of the CRA Board of Directors.  CRA also admits that Cargill is a CRA member.  CRA denies that Mr. Willits is the current Chairman of the CRA Board of directors.  CRA lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24, and, on that basis, denies the same.

CRA'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

25.     CRA admits that Richard N. Kyle and Terry W. Thomas are members of the CRA Board of Directors.  CRA also admits that Corn Products is a CRA member. CRA denies that Mr. Kyle is the current Vice Chairman of the CRA Board of Directors.  CRA lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25, and, on that basis, denies the same.

26.     CRA admits that Dominique D. P. Taret and Richard A. O'Hara are members of the CRA Board of Directors.  CRA also admits that Roquette is a CRA member.  CRA lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26, and, on that basis, denies the same.

27.     CRA admits that Matthew D. Wineinger is a member of the CRA Board of Directors.  CRA also admits that Tate & Lyle is a CRA member.  CRA denies that J. Patrick Mohan is a member of the CRA Board of Directors.  CRA lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27, and, on that basis, denies the same.

28.     CRA admits that its governing body is its Board of Directors, which includes, among other members, two individuals from each of the Member Companies as defined.  CRA lacks knowledge and information sufficient to form a belief as to the amount of time each person on its Board of Directors spends on CRA business and, on that basis, denies the same.  Further answering, CRA admits that it has estimated that persons on CRA's Board of Directors devoted between two and five hours per week to CRA business in 2010.  CRA denies the remaining allegations of Paragraph 28.

29.     CRA admits that all of its expenditures, including its educational campaign to explain the merits of HFCS, are funded predominantly (but not exclusively) by assessments paid by its members.  The remaining allegations of Paragraph 29 are not directed toward CRA, assert conclusions of law, and are the subject of a motion to dismiss, and therefore no response to those allegations from

CRA'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  CRA is required.  To the extent a response is required, CRA denies the remaining
2  allegations of Paragraph 29.

3      30.    CRA admits that HFCS is a commercial sweetener used in a variety of
4  products, including soft drinks.  CRA further admits that corn starch, which is
5  commonly used as a thickening agent, and corn syrup, which is a viscous liquid
6  containing various amounts of dextrose, are derived from corn.  CRA also admits that
7  Paragraph 30 quotes from selected portions of 21 C.F.R. 184.1857 and refers to that
8  regulation for a complete statement of its terms.  CRA denies the remaining
9  allegations of Paragraph 30, including, without limitation, the allegation that HFCS,
10  which is also made from corn, is not "natural."

11      31.    CRA admits that sucrose (refined sugar) is the only sweetener that may
12  be listed simply as "sugar" on the food ingredient list of food labeling, but denies that
13  only sucrose is considered a sugar for other parts of the food label, such as the
14  nutrition facts label.  CRA denies that 21 C.F.R. 184.1854 provides that sucrose is the
15  only sweetener that may be labeled simply as "sugar."  CRA also admits that sucrose
16  (refined sugar) is a disaccharide consisting of equal parts glucose and fructose
17  chemically joined by a type of covalent bond known as a glycosidic bond.  Further
18  answering, CRA is informed and believes that refined sugar has been used by humans
19  to sweeten food and drink for many years.  CRA denies the remaining allegations of
20  Paragraph 31.

21      32.    CRA is informed and believes that HFCS has been commercially
22  available since the late 1960s and that HFCS has been used as an ingredient in food
23  production (but not beverages) since that time.  CRA further admits that Paragraph 32
24  describes, in general terms, the composition and part of the production of HFCS.
25  CRA admits that the glucose and fructose that primarily comprise HFCS are
26  monosaccharides that are not bonded together.  CRA also admits that Paragraph 32
27  describes certain portions of a referenced document and refers to that document for a
28  complete statement of its terms.  CRA denies that HFCS is a "man-made product,"

because HFCS is made from corn and, like refined sugar, nothing artificial or synthetic (including colors, regardless of source) is included in, or added to, HFCS that would not normally be expected to be there. CRA is unable to respond to the allegation that free fructose is "highly soluble in water and makes bread crusts browner, cookies softer and everything sweeter" in any meaningful manner because the allegation contains undefined comparative terms. To the extent a response is required to such allegation, CRA denies the same. CRA denies any remaining allegations of Paragraph 32.

33.     CRA admits that Paragraph 33 describes certain portions of a referenced document and refers to that document for a complete statement of its terms. CRA specifically denies that the rise of HFCS mirrors the rise of the obesity epidemic, as set forth in the title preceding Paragraph 33. CRA denies any remaining allegations of Paragraph 33.

34.     CRA admits that the obesity epidemic in the United States has received considerable public attention. CRA also admits that the remaining allegations of Paragraph 34 describe certain portions of a referenced document, website, and data, and CRA refers to that document, website, and data for a complete statement of their terms. CRA denies any remaining allegations of Paragraph 34.

35.     CRA admits that the allegations of Paragraph 35 describe certain portions of a referenced document and refers to that document for a complete statement of its terms. CRA denies that any scrutiny has revealed that an ascent in the commercial use of HFCS is a unique cause or potential unique cause of the obesity epidemic. CRA denies any remaining allegations of Paragraph 35.

36.     CRA admits that people have examined the association between obesity and consumption of HFCS, but CRA denies that any credible research has shown that there is any unique association between the two that does not exist with respect to other sugars, including refined sugar. CRA also admits that Paragraph 36 contains allegations describing certain portions of a referenced document and refers to that

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

8

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

document for a complete statement of its terms.  CRA denies that the referenced document is a "landmark scientific report," but rather asserts that it presented only a hypothesis that has since been recanted by at least one of its authors.  CRA denies any remaining allegations of Paragraph 36.

37.    CRA admits Paragraph 37 contains allegations describing certain portions of a referenced document and refers to that document for a complete statement of its terms.  CRA denies that there exists any credible scientific evidence (and, hence, credible debate) linking the consumption of HFCS (as opposed to fructose alone or sugars generally, including refined sugar) to obesity or other health problems or demonstrating that the fructose contained in HFCS is metabolized by the body in any manner that is different from the manner in which the fructose contained in other sweeteners, including refined sugar, is metabolized.  CRA denies any remaining allegations of Paragraph 37.

38.    CRA denies that the Princeton Study is evidence that refined sugar (sucrose) and HFCS have different effects on the body or that HFCS is uniquely responsible for any health problems.  CRA admits Paragraph 38 contains allegations describing certain portions of a referenced document and refers to that document for a complete statement of its terms.  CRA denies any remaining allegations of Paragraph 38.

39.    CRA denies that the Princeton Study is evidence that refined sugar (sucrose) and HFCS have different effects on the body or that HFCS is uniquely responsible for any health problems.  CRA admits that Paragraph 39 and its footnotes contain allegations describing certain portions of referenced documents and refers to those documents for a complete statement of their terms.  CRA denies any remaining allegations of Paragraph 39, including any remaining factual allegations of Footnote 11.

40.    CRA is unable to respond to the allegations of Paragraph 40 in any meaningful manner because the phrases "other researchers," "those researchers," and

"taste profiles" are undefined.  To the extent a response is required, CRA denies the allegations of Paragraph 40.

41.    CRA admits that HFCS and its role in public health have been a matter of public discussion, including discussion in public forums.  CRA denies the remaining allegations of Paragraph 41.

42.    CRA admits that Paragraph 42 describes certain portions of a referenced document and website and refers to that document and website for a complete statement of their terms.  CRA denies any remaining factual allegations of Paragraph 42.

43.    CRA admits that certain food and beverage producers have replaced HFCS in their products with refined sugar.  CRA also admits that Paragraph 43 describes certain portions of a referenced document and website and refers to that document and website for a complete statement of their terms.  CRA denies any remaining allegations of Paragraph 43.

44.    CRA lacks knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, on that basis, denies the same.

45.    CRA lacks knowledge sufficient to form a belief as to the truth of the allegation that the "growing concern over HFCS has thus led to its decreased sales." CRA is informed and believes that consumption of HFCS has decreased from its level in 2003 to its level in April 2011.  CRA admits that Paragraph 45 describes certain portions of a referenced document and data contained therein and refers to that document and data for a complete statement of their terms.  CRA denies the remaining allegations of Paragraph 45.

46.    CRA admits that HFCS has been the subject of vilification.  CRA also admits that it has implemented an educational campaign to explain the merits of HFCS and its Citizen's Petition.  CRA further admits that it has stated that HFCS is "natural," pursuant to FDA policy; and that "sugar is sugar," and "your body can't tell the difference" between HFCS and sugar because HFCS is "nutritionally the same as

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

table sugar" and metabolized by the body in the same way.  The remaining allegations of Paragraph 46 are not directed toward CRA, assert conclusions of law, and are the subject of a motion to dismiss, and therefore no response to those allegations from CRA is required.  To the extent a response is required, CRA denies the remaining allegations of Paragraph 46.

47.     CRA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 47 relating to the individual Member Companies' evaluations and determinations of their economic interests, and, on that basis, denies the same.  CRA admits that its expenditures, including its educational campaign to explain the merits of HFCS, are funded predominantly (but not exclusively) by assessments paid by its members.  The remaining allegations of Paragraph 47 assert conclusions of law and are the subject of a motion to dismiss, and therefore no answer from CRA is required.  To the extent an answer to such allegations is required, CRA denies the remaining allegations of Paragraph 47.

48.     CRA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 48 relating to the individual Member Companies' evaluations and determinations of their rights and actions, and, on that basis, denies the same.  Further answering, Paragraph 48 asserts conclusions of law and are the subject of a motion to dismiss, and therefore no response from CRA is required.  Further answering, the allegation that CRA "has publicly acknowledged working with the Member Companies" is not detailed enough to enable CRA to respond meaningfully, and, on that basis, CRA denies the same.  CRA denies any remaining allegations of Paragraph 48.

49.     The allegations of Paragraph 49 assert conclusions of law and are the subject of a motion to dismiss, and therefore no response from CRA is required.  To the extent a response is required, CRA denies the allegations of Paragraph 49.

50.     CRA admits that its expenditures, including its educational campaign to explain the merits of HFCS, are funded predominantly (but not exclusively) by

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

CRA'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

1   assessments paid by its members.  The remaining allegations of Paragraph 50 assert

2   conclusions of law to which no response is required.  To the extent a response is

3   required, CRA denies the remaining allegations of Paragraph 50.

4       51.    CRA admits that Paragraph 51 describes certain portions of a referenced

5   document and website and refers to that document and website for a complete

6   statement of their terms.  CRA denies any remaining allegations of Paragraph 51.

7       52.    CRA admits that its educational campaign features a website, Internet

8   banners, exhibitions at professional organizations, and television and print materials

9   dedicated to explaining the merits of HFCS and CRA's Citizen's Petition.  CRA also

10  admits that Paragraph 52 describes certain portions of a referenced document and

11  website and refers to that document and website for a complete statement of their

12  terms.  CRA denies any remaining factual allegations of Paragraph 52.

13      53.    Paragraph 53 asserts conclusions of law and are the subject of a motion

14  to dismiss, and therefore no response from CRA is required.  Further answering, the

15  allegations of Paragraph 53 are not directed toward CRA, and therefore no response to

16  those allegations from CRA is required.  To the extent a response to such allegations

17  is required, CRA lacks knowledge or information sufficient to form a belief as to the

18  truth of such allegations, and therefore denies the same.  CRA denies any remaining

19  allegations of Paragraph 53.

20      54.    CRA lacks knowledge sufficient to form a belief as to the truth of the

21  allegation that "HFCS sales continued to slump into the second half of 2010."  Further

22  answering, CRA admits that published reports show a decline in the total U.S. per

23  capita consumption of HFCS and a decrease in the U.S. shipments of HFCS from

24  2009 to 2010.  CRA admits that it has submitted a Citizen's Petition requesting, inter

25  alia, the FDA to authorize "corn sugar" as an alternate common or usual name for

26  HFCS.  CRA denies the remaining allegations of Paragraph 54.

27      55.    CRA admits that "corn sugar" is currently one of multiple FDA-approved

28  names for dextrose only for the purpose of food ingredient labeling and that "high

*Winston & Strawn LLP*
*333 S. Grand Avenue*
*Los Angeles, CA 90071-1543*

12

1    fructose corn syrup" is currently an FDA-approved name for HFCS for purposes of

2    food ingredient labeling, and has been since 1983.  CRA further admits that dextrose

3    and HFCS are not the same, but CRA denies that it has ever communicated that

4    dextrose and HFCS are the same.  CRA also admits that Paragraph 55 describes, in

5    general terms, the production of HFCS and that HFCS can be blended to have

6    different percentages of fructose.  CRA lacks knowledge sufficient to form a belief as

7    to the truth of the allegation that the corn refining industry proposed the name "high

8    fructose corn syrup" to the FDA in a 1977 petition.  CRA denies any remaining

9    allegations of Paragraph 55.

10         56.    CRA lacks knowledge sufficient to form a belief as to the truth of the

11    allegation that "Defendants" proposed the FDA-approved label for HFCS over 30

12    years ago, and therefore denies the same.  CRA admits that it submitted its Citizen's

13    Petition on September 14, 2010, requesting, *inter alia,* the FDA to authorize "corn

14    sugar" as an alternate common or usual name for HFCS for purposes of food

15    ingredient labeling, and refers to that petition for a complete and accurate statement of

16    its assertions.  CRA denies the remaining allegations of Paragraph 56.

17         57.    CRA admits that its Citizen's Petition requesting the FDA to authorize

18    "corn sugar" as an alternate common or usual name for HFCS for purposes of food

19    ingredient labeling has received considerable media and public attention and that a

20    large number of public comments have been submitted to the FDA both supporting

21    and opposing the petition.  CRA also admits that Paragraph 57 describes certain

22    portions of referenced documents and websites and refers to those documents and

23    websites for a complete statement of their terms.  CRA lacks knowledge sufficient to

24    form a belief as to the truth of the remaining allegations of Paragraph 57 and, on that

25    basis, denies the same.

26         58.    CRA admits that it has used the term "corn sugar" in documentation that

27    clearly identifies its use of that term to describe HFCS as being a sugar made from

28    corn.  CRA lacks knowledge sufficient to form a belief as to the truth of the

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

13

CRA'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

1   allegations directed to any other Defendant, and on that basis denies the same.  CRA

2   denies any remaining allegations of Paragraph 58.

3        59.    CRA admits that Paragraph 59 describes certain portions of a referenced

4   document and refers to that document for a complete statement of its terms.  CRA

5   specifically denies that its "reply to comments" letter submitted to the FDA on April

6   4, 2011 was a response on behalf of the Member Companies.  CRA denies any

7   remaining allegations of Paragraph 59.

8        60.    CRA admits that it has used the term "corn sugar" in materials that

9   clearly identify its use of that term to describe HFCS as a sugar made from corn.

10  CRA also admits that Paragraph 60 describes certain portions of referenced

11  documents and websites and refers to those documents and websites for a complete

12  statement of their terms.  CRA lacks knowledge sufficient to form a belief as to the

13  truth of the allegations directed to the conduct of any other Defendant and, on that

14  basis, denies the same.  CRA denies any remaining allegations of Paragraph 60.

15       61.    The allegations of Paragraph 61 are not directed toward CRA, assert

16  conclusions of law, are subject to a motion to dismiss, and therefore, no response from

17  CRA is required.  To the extent that a response from CRA is required, CRA lacks

18  knowledge sufficient to form a belief as to the truth of the allegations regarding

19  Member Companies' statements and conduct and, on that basis, denies the same.

20  CRA denies any remaining allegations of Paragraph 61.

21       62.    The allegations of Paragraph 62 are not directed toward CRA, assert

22  conclusions of law, are subject to a motion to dismiss, and therefore, no response from

23  CRA is required.  To the extent that a response from CRA is required, CRA lacks

24  knowledge sufficient to form a belief as to the truth of the allegations regarding the

25  statements and conduct of other Defendants and, on that basis, denies the same.  CRA

26  denies any remaining allegations of Paragraph 62.

27       63.    Paragraph 63 asserts conclusions of law to which no response is required.

28  To the extent a response is required, CRA denies the allegations of Paragraph 63.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

CRA'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

64. The allegations of Paragraph 64 are not directed toward CRA, and therefore, no response is required from CRA. To the extent that a response from CRA is required, CRA lacks knowledge sufficient to form a belief as to the truth of the allegations regarding the statements and conduct of other Defendants and, on that basis, denies the same. CRA denies any remaining allegations of Paragraph 64.

65. CRA repeats and realleges its answers to the above paragraphs and incorporates them in its answer to Paragraph 65 as if fully set forth herein.

66. CRA denies the allegations of Paragraph 66.

67. CRA denies the allegations of Paragraph 67.

68. CRA denies the allegations of Paragraph 68.

69. CRA denies the allegations of Paragraph 69.

70. CRA denies the allegations of Paragraph 70.

71. CRA admits that it filed a brief in connection with an antidumping investigation conducted by the government of the United Mexican States in the late 1990s. CRA specifically denies that any statements in the CRA brief are in conflict with its statements made in connection with its educational campaign regarding HFCS. CRA denies the remaining allegations of Paragraph 71.

72. CRA denies the allegations of Paragraph 72.

73. CRA denies the allegations of Paragraph 73.

74. CRA denies the allegations of Paragraph 74.

75. CRA denies the allegations of Paragraph 75.

CRA denies that Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause following Paragraph 75 and in all the paragraphs and subparagraphs that follow, or any relief whatsoever.

Each and every allegation in Plaintiffs' Complaint that is not specifically admitted is hereby denied.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**AFFIRMATIVE DEFENSES**

Without conceding that it bears the burden of proof or persuasion as to any of the issues raised in these defenses (whether or not denominated as affirmative defenses or otherwise), as separate and distinct affirmative defenses to Plaintiff's Second Amended Complaint, CRA alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.      The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Laches)**

2.      The claims made in the Complaint and the relief sought therein are barred by laches, in that Plaintiffs have unreasonably delayed efforts to enforce their rights, if any, despite their full awareness of CRA's statements and conduct since at least 2008.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

3.      The Complaint and the relief sought therein are barred by the doctrines of waiver and estoppel, in that Plaintiffs have unreasonably delayed efforts to enforce their rights, if any, despite their full awareness of CRA's statements and conduct since at least 2008 and that any false perceptions that consumers may have regarding HFCS have been caused, in whole or in part, or perpetuated, in whole or in part, by Plaintiffs themselves or their agents and representatives, acting individually or collectively.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

4.      Plaintiffs are barred under the doctrine of unclean hands.  Specifically, any false perceptions that consumers may have regarding HFCS have been caused, in whole or in part, or perpetuated, in whole or in part, by Plaintiffs themselves or their agents and representatives, acting individually or collectively.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

### FIFTH AFFIRMATIVE DEFENSE

### (No Commercial Advertising)

5.      Plaintiffs' claims are barred because CRA's statements do not constitute commercial advertising or promotion under the Lanham Act.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

6.      Plaintiffs' claims are barred because they failed to mitigate damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

### (First Amendment)

7.      Plaintiffs' claims are barred because they violate CRA's rights under the First Amendment to the Constitution of the United States, which protects the rights to freedom of speech and to petition the government.

### EIGHTH AFFIRMATIVE DEFENSE

### (*Noerr-Pennington*)

8.      Plaintiffs' claims are barred in whole or in part by operation of the *Noerr-Pennington* doctrine.

### NINTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction)

9.      Plaintiffs' claims are barred in whole or in part because the FDA has primary jurisdiction over Plaintiffs' claims.

### TENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

10.     Because CRA does not have sufficient information as to whether it has additional, as yet unstated, affirmative defenses, CRA reserves its right to assert such defenses in the event that discovery indicates the defense is appropriate.

# PRAYER FOR RELIEF

WHEREFORE, CRA prays for judgment as follows:

1.      That the Complaint be dismissed with prejudice;

2.      That CRA be awarded its costs and attorneys' fees of defense as permitted by law; and

3.      That CRA be awarded such other and further relief as the Court deems just and proper.

Dated:  December 16, 2011                    Respectfully submitted,
                                             WINSTON & STRAWN LLP


                                             By: /s/ Gail J. Standish
                                                 Gail J. Standish
                                                 Erin R. Ranahan

                                             Attorneys for Defendant
                                             THE CORN REFINERS ASSOCIATION, INC.

*Additional counsel for Defendants:*

Cornelius M. Murphy (admitted *pro hac vice*)
nmurphy@winston.com
Bryna J. Dahlin (admitted *pro hac vice*)
bdahlin@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone:  (312) 558-5600
Facsimile:   (312) 558-5700

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

CRA'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT