Gail J. Standish (SBN: 166334)
gstandish@winston.com
Erin R. Ranahan (SBN: 235286)
eranahan@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

Dan K. Webb (admitted *pro hac vice*)
dwebb@winston.com
Stephen V. D'Amore (admitted *pro hac vice*)
sdamore@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone:  (312) 558-5600
Facsimile:   (312) 558-5700

Attorneys for Defendants
ARCHER-DANIELS-MIDLAND COMPANY, CARGILL, INC.,
CORN PRODUCTS INTERNATIONAL, INC.,
ROQUETTE AMERICA, INC.,
AND TATE & LYLE INGREDIENTS AMERICAS, INC.

<div style="text-align:left; margin-left:2em;">
Winston & Strawn LLP<br>
333 S. Grand Avenue<br>
Los Angeles, CA 90071-1543
</div>

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN SUGAR COOPERATIVE, a Colorado cooperative, *et al.*,<br><br>     Plaintiffs,<br><br>    v.<br><br>ARCHER-DANIELS-MIDLAND COMPANY, a Delaware corporation, *et al.*,<br><br>     Defendants. | Case No. **CV11-3473 CBM (MANx)**<br><br>**CERTAIN DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**FED. R. CIV. P. 12(b)(6) and 9(b)**<br><br>Hon:   Consuelo B. Marshall<br>Date:  March 19, 2012<br>Time:  11:00 a.m.<br>Place: Courtroom 2<br><br>[Proposed] Order Filed Concurrently Herewith |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 19, 2012, at 11:00 a.m., or as soon thereafter as this matter can be heard before the Honorable Consuelo B. Marshall of the United States District Court for the Central District of California, in Courtroom 2 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, California 90012, Defendants Archer-Daniels-Midland Company, Cargill, Inc., Corn Products International, Inc., Roquette America, Inc., and Tate & Lyle Ingredients Americas, Inc. (the "Member Companies") will and hereby do move, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure,[1] for an order dismissing all claims against them in this action with prejudice.

This Motion is brought pursuant to Rule 12(b)(6) on the grounds that Plaintiffs' claim against the Member Companies for violations of Section 43(a) of the Lanham Act fails to state a claim upon which relief can be granted.

This Motion is also brought pursuant to Rule 9(b) on the grounds that Plaintiffs' claim against the Member Companies for violations of Section 43(a) of the Lanham Act is not pleaded with sufficient particularity.

This Motion is based on this Motion and Notice of Motion, the supporting Memorandum of Points and Authorities, and any exhibits attached thereto, and upon such oral argument and submissions that may be presented at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 9, 2011.

Dated: December 16, 2011

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

---

[1] All further statutory references are to the Federal Rules of Civil Procedure unless otherwise noted.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WINSTON & STRAWN LLP

By: /s/ Gail J. Standish
Gail J. Standish
Erin R. Ranahan

Attorneys for Defendants
ARCHER-DANIELS-MIDLAND COMPANY,
CARGILL, INC., CORN PRODUCTS
INTERNATIONAL, INC., ROQUETTE
AMERICA, INC., AND TATE & LYLE
INGREDIENTS AMERICAS, INC.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## **<u>TABLE OF CONTENTS</u>**

**Page(s)**

INTRODUCTION ................................................................................ 1

STATEMENT OF THE CASE ........................................................... 3

ARGUMENT ..................................................................................... 4

    I.     Plaintiffs' New Allegations Concerning Membership And Participation In CRA Do Not Resurrect The Lanham Act Claim Against The Member Companies .......................................... 4

    II.    Plaintiffs' Agency Allegations Do Not Satisfy *Twombly* Or Rule 9(b) .......................................................................... 6

    III.   Plaintiffs' Conspiracy Allegations Do Not Satisfy *Twombly* Or Rule 9(b) .......................................................................... 8

    IV.   Plaintiffs Fail To Make Specific Agency Allegations Against Each Of The Member Companies, As Required To State A Claim Based On Independent Conduct, Agency, Or Conspiracy .............................. 10

CONCLUSION ................................................................................... 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*AD/SAT, A Division of Skylight, Inc. v. Associated Press et al.*,
   181 F.3d 216 (2d Cir. 1999) ...................................................................9

*Alfus v. Pyramid Tech. Corp.*,
   745 F. Supp. 1511 (N.D. Cal. 1990) .......................................................8

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ............................................6

*Bauman v. DaimlerChrysler Corp.*,
   644 F.3d 909 (9th Cir. 2011) .................................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .....6, 8, 9, 10

*Buchanan v. Neighbors Van Lines*,
   2010 WL 4916644 (C.D. Cal. Nov. 29, 2010) ......................................7

*Coalianz, LLC v. JHB Inc. Intern.*,
   2005 WL 1113854 (D. Or. May 6, 2005) ..............................................5

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*,
   173 F. 3d 725 (9th Cir. 1999) .............................................................12

*EEOC v. Zonta Intern.*,
   1986 WL 7331 (N.D. Ill. Jun. 20, 1986)...............................................4

*Gallagher v. Gallagher*,
   130 F. Supp. 2d 359 (N.D.N.Y. 2001) ..................................................4

*General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*,
   458 U.S. 375, 102 S. Ct. 3141, 73 L. Ed. 2d 835 (1982) .....................4

*Greater Rockford Energy & Tech. v. Shell Oil*,
   998 F.2d 391 (7th Cir. 1993) .................................................................9

ii

*In re Processed Egg Products Antitrust Litigation*,
   2011 WL 4465355 (E.D. Pa. Sept. 26, 2011) ........................................9

*Neubronner v. Milken*,
   6 F.3d 666 (9th Cir. 1993) .......................................................5

*New.Net, Inc. v. Lavasoft*,
   356 F. Supp. 2d 1090 (C.D. Cal. 2004) ......................................12

*Pacific Tobacco Corp. v. American Tobacco Co., Inc.*,
   1974 WL 859 (D. Or. 1974) .....................................................9

*Palomares v. Bear Sterns Residential Morg. Corp.*,
   2008 WL 686683 (S.D. Cal 2008 Mar. 13, 2008) ........................8, 11

*Ries v. Hornell Brewing*,
   2011 WL 1299286 (N.D. Cal. Apr. 4, 2011) ...............................13

*Rpost Holdings, Inc. v. Trustifi Corp.*,
   2011 WL 4802372 (C.D. Cal. Oct. 11, 2011) ..............................7, 8

*Specht v. Google, Inc.*,
   660 F.Supp. 2d 858 (N.D. Ill. 2009) ..........................................5

*Swartz v. KPMG LLP*,
   476 F.3d 765, 764-65 (9th Cir. 2007) .......................................11

*United States v. Bonds*,
   608 F.3d 495 (9th Cir. 2010) ...................................................7

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................10

*Von Koenig v. Snapple Beverage Corp.*,
   2011 WL 43577 (E.D. Cal. Jan. 6, 2011) ...................................12

*Western Sugar Cooperative et al. v. Archer-Daniels-Midland Co. et al.*,
   No. 11-CV-3473 CBM(MANx) (C.D. Cal. Oct. 19, 2011) ...............3

*Western Sugar Cooperative et al. v. Archer-Daniels-Midland Co. et al.*,
   No. 11-CV-3473 CBM(MANx) (C.D. Cal. Oct. 21, 2011) ...............3

*York v. Tennessee Crushed Stone Ass'n*,
   684 F.2d 360 (6th Cir. 1982) ...................................................4

**Winston & Strawn LLP**
333 S. Grand Avenue
Los Angeles, CA 90071-1543

iii

**STATUTES**

15 U.S.C. § 1125(a) .................................................................3

**OTHER AUTHORITIES**

Cal. Bus. & Prof. Code §§ 17200 *et seq.* .......................................3

Fed. R. Civ. P. 9(b) ........................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ........................................................ *passim*

# INTRODUCTION

Even with a second bite at the apple, Plaintiffs still have failed to allege a Lanham Act claim against the companies that are members of defendant Corn Refiners Association Inc. ("CRA").  In the First Amended Complaint ("FAC"), Plaintiffs attempted to allege that Archer-Daniels-Midland Company, Cargill, Inc., Corn Products International, Inc., Roquette America, Inc., and Tate & Lyle Ingredients Americas, Inc. (the "Member Companies") were liable for CRA's allegedly false advertising simply because of their membership and participation in CRA as a trade association.  The Court rejected these allegations and held that the Member Companies' membership and participation in CRA, standing alone, was insufficient to impute the alleged conduct of CRA to the Member Companies.  The Court also held that Plaintiffs failed to allege that the Member Companies had authority to control CRA, as required to establish an agency relationship between CRA and the Member Companies.  The Court thus dismissed the FAC as to the Member Companies with leave to amend.

The Second Amended Complaint ("SAC") again attempts to allege a Lanham Act claim against the Member Companies, but does not cure these deficiencies in Plaintiffs' allegations.  While the case will proceed against CRA, which has now answered the SAC, there is no basis or reason to make the Member Companies defendants.  Plaintiffs' Lanham Act claim against the Member Companies should now be dismissed with prejudice.

*First*, Plaintiffs again attempt to impose liability on the Member Companies based on allegations concerning their membership and participation in CRA as a trade association.  Plaintiffs have puffed up these allegations with inconsequential details, such as the names of the members of CRA's board of directors and the specific sums of money contributed to CRA by the Member Companies, but these cosmetics do not rectify the fundamental defect in Plaintiffs' allegations.  The Court already has held that membership and participation in a trade association does not establish agency.

1

1   Plaintiffs' new allegations add some gloss to the Member Companies' membership
2   and participation in CRA, but still provide no basis for sustaining a claim against the
3   Member Companies under the Lanham Act.

4     ***Second***, Plaintiffs' effort to allege an actual agency relationship between CRA
5   and the Member Companies falls well short of stating a claim because their
6   allegations on this issue are threadbare and conclusory.  On the critical issue of
7   whether both CRA and the Member Companies have assented to the Member
8   Companies' authority to control CRA with respect to the alleged false advertising at
9   issue, Plaintiffs make only a one-line conclusory allegation, upon information and
10  belief.  Plaintiffs' allegations do not even come close to satisfying the plausibility
11  required by Rule 12(b)(6) and *Twombly/Iqbal*, much less the particularity required by
12  Rule 9(b) that courts apply to agency claims under the Lanham Act.

13    ***Third***, and recognizing the weakness of their allegations on agency, Plaintiffs
14  have sprinkled into the SAC a handful of vague conspiracy allegations against the
15  Member Companies.  Like their agency allegations, Plaintiffs' conclusory allegations
16  of conspiracy lack plausibility and particularity, and thus fail under Rule 12(b)(6) and
17  Rule 9(b), respectively.

18    ***Finally***, even if Plaintiffs had somehow adequately alleged agency or
19  conspiracy against the "Member Companies" as a collective unit, the SAC still should
20  be dismissed because Plaintiffs have improperly lumped and commingled all of the
21  Member Companies together and have failed to set forth individualized allegations
22  against each of the Member Companies, as required to pursue either an agency or
23  conspiracy claim.  Indeed, Plaintiffs allege only independent and unilateral conduct by
24  some of the Member Companies.  These vague allegations do not state a claim, under
25  agency, conspiracy or otherwise.  As to certain of the Member Companies, Plaintiffs
26  have not made any allegations at all.

27    For all of these reasons, the SAC should again be dismissed as to the Member
28  Companies, but this time with prejudice.

*Winston & Strawn LLP*
333 S. Grand Avenue
Los Angeles, CA 90071-1543

2

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## STATEMENT OF THE CASE

Plaintiffs' First Amended Complaint ("FAC") alleged two causes of action, one under the Lanham Act (15 U.S.C. § 1125(a)) and one under the California Unfair Business Practices Act (Cal. Bus. & Prof. Code §§ 17200 et seq.) (the "UCL Claim"). On July 1, 2011, all defendants moved to dismiss the FAC under Rules 12(b)(6) and 9(b). Among other things, defendants argued that Plaintiffs had failed to allege an agency relationship between CRA and the Member Companies.

In its order and opinion dated October 21, 2011, the Court granted the motion to dismiss as to the Member Companies and denied it as to CRA. The Court granted the motion to dismiss as to the Member Companies because the FAC failed to allege an agency relationship between the Member Companies and CRA: "Plaintiffs' allegations as to the relationship between CRA and its members are conclusory and do not establish the authority to control that is required to show an agency relationship. Hence, the Court cannot impute CRA's actions to the remaining defendants...The allegations against the Member Companies are not sufficient to establish an agency relationship and hold the Member Companies responsible for actions carried out by CRA." *Western Sugar Cooperative et al. v. Archer-Daniels-Midland Co. et al.*, No. 11-CV-3473 CBM(MANx), at 12-13 (C.D. Cal. Oct. 21, 2011) ("Order").

The Court also dismissed Plaintiff's UCL Claim under the California anti-SLAPP statute, holding that "CRA's conduct is protected under the anti-SLAPP statute." *Western Sugar Cooperative et al. v. Archer-Daniels-Midland Co. et al.*, No. 11-CV-3473 CBM(MANx), at 7 (C.D. Cal. Oct. 19, 2011) ("Order Granting Defendants' Motion to Strike"). The Court held that Plaintiffs had failed to show a probability of prevailing on their UCL Claim because they "have not presented any evidence to support their burden on the claims that CRA's statements have influenced any purchasing decisions and that Plaintiffs have suffered an injury." *Id.* at 11.

On November 18, 2011, Plaintiffs filed a Second Amended Complaint ("SAC") alleging one cause of action under the Lanham Act against both CRA and the Member

3

1   Companies.  CRA, which is not a party to this motion to dismiss, has answered the

2   SAC.  However, because the SAC still does not adequately allege that the Member

3   Companies may be vicariously liable for the allegedly false advertising made by CRA

4   (under an agency theory or otherwise) the Member Companies hereby move to

5   dismiss the SAC with prejudice.

6                                    **<u>ARGUMENT</u>**

7   **I.    Plaintiffs' New Allegations Concerning Membership And Participation In**

8         **CRA Do Not Resurrect The Lanham Act Claim Against The Member**

9         **Companies**

10          As this Court already has held, membership in a trade association is insufficient

11  to establish an agency relationship between the association and its members.

12  Specifically, the Court held that plaintiffs' allegations that "CRA is a trade

13  organization representing the interest of the corn refining industry, including the

14  promotion of HFCS, that Defendants (other than the CRA) are CRA members, that the

15  campaign led by CRA is financed by the members, and that HFCS [*sic*] use CRA as

16  their agent to affect consumer sentiment" are "not sufficient to establish an agency

17  relationship and hold the Member Defendants responsible for actions carried out by

18  CRA."(Order at 11-13.)

19          The Court's ruling on this issue is well supported by the case law holding that a

20  trade association is not the agent of its member companies, even though its purpose is

21  to promote their interests generally.  *See Gallagher v. Gallagher*, 130 F. Supp. 2d 359

22  (N.D.N.Y. 2001) (trade association cannot be an agent of its member employers, even

23  though its purpose is to promote their interests and those of the industry generally);

24  *EEOC v. Zonta Intern.*, 1986 WL 7331, at *2 (N.D. Ill. Jun. 20, 1986) (noting that

25  "case law does not support the conclusion that the parent association is an agent for its

26  active members."); *York v. Tennessee Crushed Stone Ass'n*, 684 F.2d 360 (6th Cir.

27  1982) (trade association was not "agent" of any of the 29 companies engaged in the

28  crushed stone business who were its members, even though its purpose was to

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

4

promote the interests of the industry generally); *see also General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 394-395, 102 S. Ct. 3141, 73 L. Ed. 2d 835 (1982) (providing funds to a committee does not turn the committee into the agent of the funders).

The SAC includes some new details about the Member Companies' alleged membership and participation in CRA. But these dressed-up allegations do not provide a basis for disturbing this Court's dismissal of Plaintiff's Lanham Act claim against the Member Companies. Simply put, while marginally extended, Plaintiffs' new allegations are not materially different from the insufficient allegations already rejected by the Court.

For example, in the FAC, Plaintiffs alleged that the CRA board of directors includes two employees or agents from each of the Member Companies. (FAC ¶¶ 22-28.) In the SAC, Plaintiffs make the same allegation, only now they allege "upon information and belief" [2] the names of some of the members of the CRA board of directors. (SAC ¶¶ 22-27.) In the FAC, plaintiffs alleged that CRA and its Member Companies crafted a publicity campaign to "revitalize and rebrand HFCS" and that

---

[2] Throughout the SAC, Plaintiffs make twenty-three separate allegations based on "information and belief." In addition to alleging matters concerning the Member Companies' membership and participation in CRA on information and belief, Plaintiffs' critical allegations on agency and conspiracy are also made on information and belief. *See, e.g.*, SAC ¶ 29 (alleging on information and belief that both CRA and the Member Companies assent to the right of the Member Companies to control CRA); SAC ¶ 46 (alleging on information and belief that the Member Companies conspired to control CRA). However, Plaintiffs never identify any facts on which their "information and belief" for any of these allegations is based. Such allegations fail under Rule 9(b) and all of Plaintiffs' allegations predicated on "information and belief" thus should be dismissed with prejudice. *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (dismissing complaint for lack of particularity under Rule 9(b) because "a plaintiff who makes allegations on information and belief must state the factual basis for the belief" even though the allegations concern matters "peculiarly within the defendant's knowledge."); *see also Specht v. Google, Inc.*, 660 F.Supp. 2d 858, 865 (N.D. Ill. 2009) (dismissing complaint alleging violation of the Lanham Act that "fail[ed] to make any distinction among the 48 Corporate Defendants…consist[ed] of vague allegations on information and belief with no factual specifics [and] treat[ed] the numerous Defendants (other than Google) as a collective whole and d[id] not identify any specific act of infringement by any single Defendant"); *Coalianz, LLC v. JHB Inc. Intern.*, 2005 WL 1113854, at*3 (D. Or. May 6, 2005) (dismissing conspiracy allegations made on information and belief).

5

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

this campaign was funded by the CRA member companies.   (FAC ¶¶ 3, 48.)  Now Plaintiffs allege, once again "upon information and belief," that the Member Companies provided $13 million for the educational campaign at an unspecified time in 2008 and that the Member Companies' funding of the campaign exceeded $13 million in 2009, 2010, and 2011.  (SAC ¶¶ 3, 50.)

All of this window dressing does not materially alter the insufficient agency allegations already dismissed by the Court.  At bottom, Plaintiffs are still attempting to establish vicarious liability based on the Member Companies' membership and participation in CRA as a trade organization.  As the Court already has held, these allegations fail to establish agency and Plaintiffs' Lanham Act claim against the Member Companies therefore should be dismissed.

## II.   Plaintiffs' Agency Allegations Do Not Satisfy *Twombly* Or Rule 9(b)

Since Plaintiffs cannot establish vicarious liability based on the Member Companies' membership and participation in CRA, Plaintiffs must instead set forth factual allegations of a principal-agent relationship between CRA and the Member Companies.  And these allegations must satisfy both the plausibility required by Rule 12(b)(6) and the particularity required by Rule 9(b).  Plaintiffs' agency allegations fail to meet either of these standards, and thus the Lanham Act claim against the Member Companies should be dismissed.

As to Rule 12(b)(6), it is not enough for Plaintiffs to satisfy the outdated "any set of facts" standard.  Under *Twombly* and *Iqbal*, Plaintiffs must plausibly allege an agency relationship between CRA and each of the Member Companies, and conclusory allegations reciting legal buzzwords will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

6

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  requires more than labels and conclusions, and a formulaic recitation of a cause of

2  action's elements will not do.").

3      Further, when a Lanham Act false advertising claim is premised on an agency

4  theory, a plaintiff must allege the agency relationship with the particularity required

5  by Rule 9(b). *Rpost Holdings, Inc. v. Trustifi Corp.*, 2011 WL 4802372, at *3-4 (C.D.

6  Cal. Oct. 11, 2011) (applying Rule 9(b) in Lanham Act false advertising claim

7  premised on an agency theory and noting "[t]he fact that Plaintiff is proceeding under

8  an agency theory does not absolve Plaintiff of the Rule 9(b)'s requirement to explain

9  [Defendant's] role in the false statements.").

10     As the Court already held in dismissing the FAC as to the Member Companies,

11 to allege an agency relationship Plaintiffs must allege that both the principal and the

12 agent have manifested an assent that the principal has the right to control the agent.

13 (Order at 12) ("An agency relationships exists when both the principal and the agent

14 assent to the principal's right to control the agent. Actual control is not necessary, as

15 long as there is an agreement that the principal has the right to control the agent, an

16 agency relationship exists."); *see also United States v. Bonds*, 608 F.3d 495, 506 (9th

17 Cir. 2010) ("[t]o form an agency relationship, both the principal and the agent must

18 manifest assent to the principal's right to control the agent."); *Bauman v.*

19 *DaimlerChrysler Corp.*, 644 F.3d 909 (9th Cir. 2011) (applying same test).[3]

20     On this critical issue of agency—specifically, whether both CRA and the

21 Member Companies have manifested an assent that the Member Companies have the

22

---

23 [3] Plaintiffs also fail to meet the three-part test for agency that other courts in the Ninth Circuit apply:
24 "To plead an agency relationship, a plaintiff must allege: (1) that the agent or apparent agent holds
   power to alter legal relations between [the] principal and third persons and between [the] principal
25 and himself; (2) that the agent is a fiduciary with respect to matters within [the] scope of [the]
   agency; and (3) that the principal has right to control [the] conduct of [the] agent with respect to
26 matters entrusted to him." *Buchanan v. Neighbors Van Lines*, 2010 WL 4916644, at *3 (C.D. Cal.
   Nov. 29, 2010).  Plaintiffs fail to state a claim under this test because the SAC does not contain ***any***
27 allegation that:  (1) CRA is in a fiduciary relationship with each of the Member Companies; or (2)
   CRA has the power to alter legal relations between each of the Member Companies and third parties
28 and between each of the of the Member Companies and CRA.

7

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

right to control CRA—the allegations of the SAC are woefully lacking.  Indeed, the only allegation on this issue in the entire SAC is a single line in which Plaintiffs allege the following:  "Upon information and belief, both the CRA and the Member Companies assent to the right of the CRA members to control the CRA in this way, in particular with respect to the advertising challenged in this action."  (SAC ¶ 29.)  This barebones allegation of assent and right to control, based on information and belief, is inadequate to sustain a claim of agency.  The SAC supplies no details or factual support of any kind to describe how, when, or to what extent any alleged manifestation of assent occurred between CRA and the Member Companies.  These allegations thus do not satisfy the plausibility required by Rule 12(b)(6), much less the particularity required by Rule 9(b).  *See Rpost Holdings, Inc.*, 2011 WL 4802372, at *4 ("Asserting that Trustifi is an agent of USPS is a legal conclusion.  Plaintiff has not alleged any facts to support its false-advertising-agency theory, let alone pleaded this theory with particularity.").  Plaintiffs' Lanham Act claim against the Member Companies thus fails and should be dismissed.

### III.    Plaintiffs' Conspiracy Allegations Do Not Satisfy *Twombly* Or Rule 9(b)

Although the SAC does not set forth conspiracy as a stand-alone claim or cause of action, as an apparent alternative to their defective agency allegations Plaintiffs hint in indirect fashion that CRA and the Member Companies are parties to a conspiracy.  These vague and unsubstantiated conspiracy allegations likewise do not meet the requirements of *Twombly* or Rule 9(b), and should be dismissed.

Where a false advertising claim is premised on a theory of conspiracy, the elements of conspiracy must be alleged with particularity pursuant to Rule 9(b).  *Palomares v. Bear Sterns Residential Morg. Corp.*, 2008 WL 686683, at *4 (S.D. Cal 2008 Mar. 13, 2008) ("When a plaintiff alleges that a defendant is liable for intentional misrepresentation under either an agency or civil conspiracy theory, Rule 9(b) requires that the plaintiff allege with particularity facts that support the existence of an agency relationship or civil conspiracy."); *Alfus v. Pyramid Tech. Corp.*, 745 F.

8

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  Supp. 1511, 1521 (N.D. Cal. 1990) ("In civil conspiracy actions, courts insist upon a

2  higher level of specificity than is usually demanded of other pleadings.... [P]laintiff's

3  allegations that defendants conspired to commit fraud are insufficient both for failure

4  to plead conspiracy with the requisite particularity and for failure to plead an

5  agreement to participate in an unlawful act").

6      Further, while also failing to establish agency, membership in a trade

7  association is insufficient to establish that the members of the association are part of a

8  conspiracy. *See In re Processed Egg Products Antitrust Litigation*, 2011 WL

9  4465355, at *9 (E.D. Pa. Sept. 26, 2011) ("Certainly, pertinent legal authority is clear

10  that participation in a trade group association and/or attending trade group meetings,

11  even those meetings where key facets of the conspiracy allegedly were adopted or

12  advanced, are not enough on their own to give rise to the inference of *agreement* to

13  the conspiracy.") (emphasis in original); *Greater Rockford Energy & Tech. v. Shell

14  Oil*, 998 F.2d 391, 396-97 (7th Cir. 1993) (finding that common membership in trade

15  association and standard-setting organization was not evidence of conspiracy); *Pacific

16  Tobacco Corp. v. American Tobacco Co., Inc.*, 1974 WL 859, at *5 (D. Or. 1974)

17  ("Plaintiff cannot establish a conspiracy by the simple fact of common membership in

18  trade associations."); *AD/SAT, A Division of Skylight, Inc. v. Associated Press et al.*,

19  181 F.3d 216, 234 (2d Cir. 1999) (noting that "every action by a trade association is

20  not concerted action by the association's members" and that a "plaintiff must present

21  evidence tending to show that association members in their *individual capacities*,

22  consciously committed themselves to a common scheme designed to achieve an

23  unlawful objective.") (emphasis added).

24      The SAC does not contain any plausible or particularized allegations of

25  conspiracy. Plaintiffs allege that "on information and belief, the CRA's Member

26  Companies conspired to exercise their collective right and actual power to control the

27  CRA" and that the Member Companies "collaborate[d] in the formation of a common

28  scheme to authorize, develop, and fund an advertising campaign to promote HFCS[.]"

9

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

(SAC ¶ 46.)  These indirect and vague allegations of conspiracy are insufficient under *Twombly* because they merely recite the legal conclusion that the Member Companies "conspired" and formed a "common scheme."  Further, the allegations are not pled with particularity as required by Rule 9(b) because they provide no details regarding when, where, and how the alleged conspiracy was formed, which members were present, or what the members agreed to do.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (conspiracy claim failed to satisfy Rule 9(b) because, among other things, the pleading failed to "provide the particulars of when, where, or how the alleged conspiracy occurred").  Because Plaintiffs' conspiracy claims are inadequate under *Twombly* and Rule 9(b), the Lanham Act claim against the Member Companies should be dismissed with prejudice.

## IV. Plaintiffs Fail To Make Specific Agency Allegations Against Each Of The Member Companies, As Required To State A Claim Based On Independent Conduct, Agency, Or Conspiracy

Finally, even if Plaintiffs had somehow adequately alleged agency or conspiracy as to CRA and the "Member Companies" as a collective unit, the SAC still should be dismissed because Plaintiffs have improperly lumped all of the Member Companies together and have failed to set forth individual and particular allegations against each of the Member Companies, as required to pursue any Lanham Act claim, including one based on agency or conspiracy.  Plaintiffs attempt to allege independent conduct by some of the Member Companies, but these allegations do not state any claim under a theory of agency, conspiracy, or otherwise.  And, as to certain of the Member Companies, Plaintiffs have not made any individual allegations at all.

Plaintiffs' agency and conspiracy allegations must be dismissed because they fail to make specific allegations as to each of the Member Companies, but rather lump all of the companies together as a single unit:  the "Member Companies."  Indeed, plaintiffs repeat the mantra "Member Companies" forty-five times in the SAC.  For example, Plaintiffs allege that "CRA and the Member Companies assent to the right of

10

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1   the CRA members to control the CRA" and that "CRA's Member Companies

2   conspired to exercise their collective right and actual power to control the CRA as

3   their agent." (SAC ¶¶ 29, 46.)

4        These allegations fail as a matter of law.  Plaintiffs must set forth separate and

5   individualized allegations of conspiracy and agency as to each of the Member

6   Companies.  Rather than lumping all the Member Companies together, Plaintiffs must

7   set forth plausible and particular factual allegations demonstrating that each of

8   Archer-Daniels-Midland, Cargill, Corn Products, Roquette, and Tate & Lyle, in their

9   separate and individual capacities, either manifested the assent necessary to form an

10  agency relationship with CRA or conspired with CRA.  *Palomares*, 2008 WL 686683

11  ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together

12  but require[s] plaintiffs to differentiate their allegations when suing more than one

13  defendant ... and inform each defendant separately of the allegations surrounding his

14  alleged participation in the fraud.  The plaintiffs must, at a minimum, 'identify the role

15  of each defendant in the alleged fraudulent scheme.'" ); *Swartz v. KPMG LLP*, 476

16  F.3d 765, 764-65 (9th Cir. 2007) (concluding that, in a suit involving multiple

17  defendants, a plaintiff must "identif[y] the role" each defendant played "in the alleged

18  fraudulent scheme," informing "each defendant separately of the allegations

19  surrounding his alleged participation in the fraud") (alteration in original) (internal

20  quotation marks omitted); *Specht v. Google, Inc.*, 660 F.Supp. 2d at 865 (dismissing

21  complaint because it failed to distinguish between numerous defendants and failed to

22  allege supporting factual information of some specificity as to each defendant).

23  Plaintiffs do not.

24       Indeed, apart from their inadequate trade association allegations, the only

25  allegations Plaintiffs make against specific Member Companies seem to describe

26  independent and unilateral conduct, rather than any joint action that would support an

27  agency or conspiracy claim.  For example, Plaintiffs allege that Cargill and Corn

28  Products have links on their websites to the CRA "Sweet Surprise" website.  (SAC ¶

53.)  Plaintiffs allege that "Cargill, and others, including Tate & Lyle" have also used spokespersons to state that "HFCS is no different than sugar." *Id.*  Plaintiffs allege that ADM and Corn Products have made unspecified direct communications to consumers and that ADM, Cargill, and Tate & Lyle have used the phrase "corn sugar" in unspecified presentations, annual reports, pricing sheets and "other communications."  (SAC ¶ 61, 62.)  In addition to being vague and unspecified, none of these allegations suggest joint, collective action among the Member Companies and CRA.  Instead, these allegations describe independent and unilateral conduct by certain, but not all, of the Member Companies.

Nor do any of these vague assertions of unilateral conduct adequately allege that any of the Member Companies is engaged in "commercial advertising" under the Lanham Act.  The Ninth Circuit defines "commercial advertising or promotion" as (a) commercial speech; (b) by the defendant who is in commercial competition with the plaintiff; (c) for the purpose of influencing consumers to buy defendant's goods or services; and (d) the representations must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry. *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F. 3d 725, 735 (9th Cir. 1999).  The SAC makes no allegations regarding the "sufficient dissemination" of any of  these statements or conduct. *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1118 (C.D. Cal. 2004) (dismissing Lanham Act claim with prejudice because, among other things, complaint failed to allege sufficient dissemination).  Plaintiffs do not quote any of the statements or communications allegedly made by any of the Member Companies and fail to provide any specifics whatsoever, such as the time, place, recipient, or content of any of these unspecified communications. *Von Koenig v. Snapple Beverage Corp.*, 2011 WL 43577, at *3 (E.D. Cal. Jan. 6, 2011) (dismissing claims regarding use of the term "natural" in a product with HFCS in unspecified "commercial advertisements" and "other promotional materials" because plaintiff failed to identify any specific advertisements, allege when plaintiffs were exposed to

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

12

1  each advertisement, or explain how such advertisements were false and misleading);

2  *Ries v. Hornell Brewing*, 2011 WL 1299286, at *4 (N.D. Cal. Apr. 4, 2011)

3  (dismissing complaint because it lacked details regarding dates of purchase of

4  products containing HFCS, prices paid, which products containing HFCS were

5  purchased, and where such products were purchased).  Because Plaintiffs' allegations

6  of unilateral conduct are lacking in even the most basic of details, they fail to state any

7  claim under Rule 9(b) and should be dismissed with prejudice.

8        With respect to other Member Companies, Plaintiffs fail to make any

9  allegations whatsoever, beyond their membership in the CRA.  In particular, as to

10  Roquette, Plaintiffs fail to make any allegations whatsoever.  Plaintiffs do not allege

11  that Roquette is engaged in any joint action with CRA or any other Member

12  Companies to establish conspiracy; do not allege any facts to establish a principal-

13  agent relationship between Roquette and CRA; and do not allege any commercial

14  advertising or other independent conduct by Roquette.  As to Roquette, Plaintiffs thus

15  have said nothing, beyond the bare allegation that Roquette was a member of CRA.

16  In other words, Plaintiffs have done nothing more that repeat the allegations that the

17  Court previously held were insufficient when it rejected the FAC against Roquette and

18  the other Member Companies.  After this second bite at the apple, Plaintiffs claims

19  against Roquette, and each of the other Member Companies, should be dismissed with

20  finality.

21        In short, Plaintiffs cannot state a claim by lumping all of the Member

22  Companies together under the heading "agency" or "conspiracy."  Because the SAC

23  fails to make any individualized allegations against each Member Company that

24  would support a claim of agency, conspiracy or any other theory of liability, the

25  Lanham Act claim against the Member Companies should be dismissed with

26  prejudice.  CRA has answered Plaintiffs' allegations.  It is moving forward to defend

27  its protected conduct, while also showing that it is Plaintiffs who are trying to confuse

28  consumers into believing they can improve their health by switching away from

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

13

products sweetened with HFCS to products containing refined sugar.  There is simply no reason or legal basis to proceed vicariously against the CRA's membership.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Second Amended Complaint should be dismissed as to the Member Companies with prejudice.

Respectfully submitted,

Dated:  December 16, 2011

WINSTON & STRAWN LLP

By:  /s/ Gail J. Standish
Gail J. Standish
Erin R. Ranahan

Attorneys for Defendants
ARCHER-DANIELS-MIDLAND COMPANY,
CARGILL, INC., CORN PRODUCTS
INTERNATIONAL, INC., ROQUETTE
AMERICA, INC., AND TATE & LYLE
INGREDIENTS AMERICAS, INC.

*Additional counsel for Defendants:*

Cornelius M. Murphy (admitted *pro hac vice*)
nmurphy@winston.com
Bryna J. Dahlin (admitted *pro hac vice*)
bdahlin@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

*Winston & Strawn LLP*
*333 S. Grand Avenue*
*Los Angeles, CA 90071-1543*

14