1   Gail J. Standish (SBN: 166334)
    gstandish@winston.com
2   Erin R. Ranahan (SBN: 235286)
    eranahan@winston.com
3   WINSTON & STRAWN LLP
    333 S. Grand Avenue
4   Los Angeles, CA 90071-1543
    Telephone:  (213) 615-1700
5   Facsimile:   (213) 615-1750

6   Dan K. Webb (admitted *pro hac vice*)
    dwebb@winston.com
7   Stephen V. D'Amore (admitted *pro hac vice*)
    sdamore@winston.com
8   WINSTON & STRAWN LLP
    35 W. Wacker Drive
9   Chicago, IL 60601-9703
    Telephone:  (312) 558-5600
10  Facsimile:   (312) 558-5700

11  Attorneys for Defendants
    ARCHER-DANIELS-MIDLAND COMPANY, CARGILL, INC.,
12  CORN PRODUCTS INTERNATIONAL, INC., THE CORN REFINERS
    ASSOCIATION, INC., AND TATE & LYLE INGREDIENTS AMERICAS, INC.
13

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16  WESTERN SUGAR COOPERATIVE,          Case No. CV11-3473 CBM (MANx)
    a Colorado cooperative, *et al.*,
17
                                        STIPULATION AND [PROPOSED]
18           Plaintiffs,                PROTECTIVE ORDER
        v.                              GOVERNING DISCOVERY
19                                      MATERIAL
    ARCHER-DANIELS-MIDLAND
20  COMPANY, a Delaware corporation,
    *et al.*,
21
             Defendants.
22
23
24
25
26
27
28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Case 2:11-cv-03473-CBM-MAN   Document 92   Filed 08/10/12   Page 2 of 20   Page ID #:1363

1    To expedite discovery, facilitate the prompt resolution of disputes over

2    confidentiality, and adequately protect material entitled to be kept confidential, the

3    parties to the above entitled action, by and through their respective counsel of record,

4    hereby STIPULATE AND AGREE to entry of this ORDER governing discovery

5    material pursuant to Federal Rule of Civil Procedure 26(c).

6    1.    PURPOSES AND LIMITATIONS

7    Disclosure and discovery activity in this action is likely to involve production

8    of confidential, proprietary, or private information for which special protection from

9    public disclosure and from use for any purpose other than prosecuting this litigation

10   would be warranted.  Accordingly, the parties hereby stipulate to and petition the

11   court to enter the following Stipulated Protective Order ("Order").  The parties

12   acknowledge that this Order does not confer blanket protections on all disclosures or

13   responses to discovery and that the protection it affords extends only to the limited

14   information or items that are entitled under the applicable legal principles to treatment

15   as confidential.  The parties further acknowledge that this litigation potentially

16   involves the health of persons who have an interest in knowing whether sugar

17   (sucrose) and high fructose corn syrup present metabolic differences relevant to

18   weight gain, obesity, diabetes, hypertension and other metabolic disorders.  No

19   protections shall be permitted and no designations of confidentiality honored if the

20   Court determines that, on balance, the public interest in disclosure of information

21   important to public health and safety outweighs the private interests in the protection

22   of information designated in good faith as confidential pursuant to the provisions of

23   this order.  Likewise, no confidentiality protection shall be permitted for information

24   that is determined by the Court to demonstrate a deliberate effort by any of the parties

25   or their agents to conceal or mislead the public or the scientific community about

26   these subjects.  The parties also acknowledge, as set forth in Section 10, below, that

27   this Order creates no entitlement to file confidential information under seal; Civil

28   Local Rule 79-5 sets forth the procedures that must be followed and reflects the

*Winston & Strawn LLP*
*333 South Grand Avenue*
*Los Angeles, CA 90071-1543*

1

1    standards that will be applied when a party seeks permission from the court to file

2    material under seal.

3    2.      DEFINITIONS

4           2.1     "Party":  any party to this action, including all of its officers, directors,

5    employees, consultants, retained experts, and outside counsel (and their support staff).

6           2.2     "Disclosure or Discovery Material":  all items or information, regardless

7    of the medium or manner generated, stored, or maintained (including, among other

8    things, testimony, transcripts, or tangible things) that are produced or generated in

9    disclosures or responses to discovery in this matter.

10          2.3     "Confidential" Information or Items:  information (regardless of how

11   generated, stored or maintained) or tangible things that qualify for protection under

12   standards developed under F.R.Civ.P. 26(c).

13          2.4     "Highly Confidential — Attorneys' Eyes Only" Information or Items:

14   extremely sensitive "Confidential Information or Items," the disclosure of which to

15   another Party or non-party would create a substantial risk of serious harm to the

16   Producing Party (as defined below) that could not be avoided by less restrictive

17   means.  Having such a designation in this case is necessary because certain Plaintiffs

18   compete with certain Defendants, certain Plaintiffs compete against one another and

19   certain Defendants compete against one another.  By way of example and not

20   limitation, the Parties anticipate that both they and non-parties will need to protect

21   sensitive proprietary and financial information as "Highly Confidential — Attorneys'

22   Eyes Only" when the disclosure of such documents would pose a serious risk of

23   competitive harm.

24          2.5     "Receiving Party":  a Party that receives Disclosure or Discovery

25   Material from a Producing Party.

26          2.6     "Producing Party":  a Party or non-party that provides Disclosure or

27   Discovery Material in this action.

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

2.7.   "Designating Party": a Producing Party that designates information or items that it produces or discloses, whether in disclosures, discovery responses or deposition testimony, as "Confidential" or "Highly Confidential Attorneys' Eyes Only."

2.8   "Protected Material": any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

2.9.   "Outside Counsel": attorneys who are not employees of a Party but who are retained to represent and/or advise a Party in this action.

2.10   "House Counsel": attorneys who are employees of a Party.

2.11   "Counsel" (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12   "Expert":  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  "Expert" also includes a professional jury or trial consultant retained in connection with this litigation.

2.13   "Professional Vendors":  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.   SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.  Disclosure or Discovery Material shall be used solely for the prosecution or the defense of this action, including any appeals, and shall not be used for any other purpose.

3

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

4.      DURATION

        Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  This Court shall retain jurisdiction over the parties and such persons for enforcement of its provisions.

5.      DESIGNATING PROTECTED MATERIAL

        5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Producing Party must take care to limit any designations under this Order to specific material that qualifies under the appropriate standards, and certifies that the information constitutes or contains a trade secret or other confidential research, development, proprietary, commercial, financial, or personal information not generally known to members of the public, including but not limited to product or service information, business, marketing, or sales plans, strategies, and analyses, pricing information or plans, client information (including the identity of customers, contracts, customer communications, pricing agreements, and terms of any potential or actual loan), business policies and practices, the identity of employees or contractors, individual employment records, current and projected financial reports, statements, and analyses, revenue, cost and profit information, balance sheets and other financial information, organizational or company structural information; or could, if disclosed, result in competitive harm to the Designating Party.

        A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.  If it

4

1    comes to a Party's or a non-party's attention that information or items that it

2    designated for protection do not qualify for protection at all, or do not qualify for the

3    level of protection initially asserted, that Party or non-party must promptly notify all

4    other parties that it is withdrawing the mistaken designation.

5        5.2    Manner and Timing of Designations.  Except as otherwise provided in

6    this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise

7    stipulated or ordered, material that qualifies for protection under this Order must be

8    clearly so designated before the material is disclosed or produced.

9        Designation in conformity with this Order requires:

10       (a)    for information in documentary form (apart from transcripts of

11   depositions or other pretrial or trial proceedings), that the Producing Party affix the

12   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'

13   EYES ONLY" on each page that contains protected material.  If only a portion or

14   portions of the material on a page qualifies for protection, the Producing Party also

15   must clearly identify the protected portion(s) (e.g., by making appropriate markings in

16   the margins) and must specify, for each portion, the level of protection being asserted

17   (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'

18   EYES ONLY").  A Party or non-party that makes original documents or materials

19   available for inspection need not designate them for protection until after the

20   inspecting Party has indicated which material it would like copied and produced.

21   During the inspection and before the designation, all of the material made available

22   for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS'

23   EYES ONLY."  After the inspecting Party has identified the documents it wants

24   copied and produced, the Producing Party must determine which documents, or

25   portions thereof, qualify for protection under this Order, then, before producing the

26   specified documents, the Producing Party must affix the appropriate legend

27   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

28   ONLY") on each page that contains Protected Material.  If only a portion or portions

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

5

1   of the material on a page qualifies for protection, the Producing Party also must

2   clearly identify the protected portion(s) (e.g., by making appropriate markings in the

3   margins) and must specify, for each portion, the level of protection being asserted

4   (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'

5   EYES ONLY").

6         (b)      for testimony given in deposition or in other pretrial or trial proceedings,

7   that the Party or non-party offering or sponsoring the testimony identify on the record,

8   before the close of the deposition, hearing, or other proceeding, all protected

9   testimony, and further specify any portions of the testimony that qualify as "HIGHLY

10  CONFIDENTIAL — ATTORNEYS' EYES ONLY."  When it is impractical to

11  identify separately each portion of testimony that is entitled to protection, and when it

12  appears that substantial portions of the testimony may qualify for protection, the Party

13  or non-party that sponsors, offers, or gives the testimony may invoke on the record

14  (before the deposition or proceeding is concluded) a right to have up to twenty days to

15  identify the specific portions of the testimony as to which protection is sought and to

16  specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

17  CONFIDENTIAL — ATTORNEYS' EYES ONLY").  Only those portions of the

18  testimony that are appropriately designated for protection within the twenty-day

19  period shall be covered by the provisions of this Order.  Transcript pages containing

20  Protected Material must be separately bound by the court reporter, who must affix on

21  each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —

22  ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or

23  sponsoring the witness or presenting the testimony.

24        (c)      for information produced in some form other than documentary, and for

25  any other tangible items, that the Producing Party affix in a prominent place on the

26  exterior of the container or containers in which the information or item is stored the

27  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'

28  EYES ONLY."  If only portions of the information or item warrant protection, the

*Winston & Strawn LLP*
*333 South Grand Avenue*
*Los Angeles, CA 90071-1543*

6

1    Producing Party, to the extent practicable, shall identify the protected portions,

2    specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY

3    CONFIDENTIAL — ATTORNEYS' EYES ONLY."

4        5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

5    failure to designate qualified information or items as "CONFIDENTIAL" or

6    "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" does not, standing

7    alone, waive the Designating Party's right to secure protection under this Order for

8    such material. If material is appropriately designated as "CONFIDENTIAL" or

9    "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" after the material

10   was initially produced, the Receiving Party, on timely notification of the designation,

11   must make reasonable efforts to assure that the material is treated in accordance with

12   the provisions of this Order. Good faith disclosure of such material by any

13   Designating Party prior to such later designation, however, shall not be deemed a

14   violation of the provisions of this Order.

15       5.4    Inadvertent Production. Inadvertent production of any document in the

16   course of this litigation – whether designated as "CONFIDENTIAL" or "HIGHLY

17   CONFIDENTIAL — ATTORNEYS' EYES ONLY" or not designated at all – that a

18   producing party later claims should not have been produced because of a privilege,

19   including but not limited to the attorney-client privilege or work product doctrine

20   ("Inadvertently Produced Privileged Document"), will not be deemed to waive any

21   privilege. The producing party may request, in writing, the return of any Inadvertently

22   Produced Privileged Document. A request for the return of an Inadvertently Produced

23   Privileged Document shall identify the document inadvertently produced and the basis

24   for withholding such document from production. If a party or non-party requests the

25   return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document

26   then in the custody of another party or non-party, such other party shall within five (5)

27   business days return to the requesting party or non-party the Inadvertently Produced

28   Privileged Document and all copies thereof and destroy any electronic copies thereof.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Case 2:11-cv-03473-CBM-MAN   Document 2699 Filed 08/10/12   Page 9 of 20   Page ID #:1370

1  The party returning such material may then move the Court for an order compelling

2  production of the material, but that party shall not assert as a ground for entering such

3  an Order the fact or circumstances of the inadvertent production.   The party returning

4  the material may not further use or disclose the information until the claim of privilege

5  is resolved and must take reasonable steps to (a) notify any person to whom the

6  returning party has provided the information of the claim of privilege, and (b) request

7  that such person not further use or disclose the information until the claim of privilege

8  is resolved.

9  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

10      6.1     Timing of Challenges.  Unless a prompt challenge to a Designating

11  Party's confidentiality designation is necessary to avoid foreseeable substantial

12  unfairness, unnecessary economic burdens, or a later significant disruption or delay of

13  the litigation, a Party does not waive its right to challenge a confidentiality designation

14  by electing not to mount a challenge promptly after the original designation is

15  disclosed.

16      6.2     Meet and Confer.  A Party that elects to initiate a challenge to a

17  Designating Party's confidentiality designation must do so in good faith and must

18  begin the process by conferring directly with counsel for the Designating Party.  In

19  conferring, the challenging Party must explain the basis for its belief that the

20  confidentiality designation was not proper and must give the Designating Party an

21  opportunity to review the designated material, to reconsider the circumstances, and, if

22  no change in designation is offered, to explain the basis for the chosen designation.  A

23  challenging Party may proceed to the next stage of the challenge process only if it has

24  engaged in this meet and confer process first.

25      6.3     Judicial Intervention.  A Party that elects to press a challenge to a

26  confidentiality designation after considering the justification offered by the

27  Designating Party may file and serve a motion pursuant to Local Rule 37 (and in

28  compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

8

Case 2:11-cv-03473-CBM-MAN   Document 100   Filed 10/05/12   Page 10 of 21   Page ID
#:2109
Case 2:11-cv-03473-CBM-MAN   Document 78   Filed 08/10/12   Page 10 of 20   Page ID
#:1371

1  material and sets forth in detail the basis for the challenge. Each such motion must be

2  accompanied by a competent declaration that affirms that the movant has complied

3  with the meet and confer requirements imposed in the preceding paragraph and that

4  sets forth with specificity the justification for the confidentiality designation that was

5  given by the Designating Party in the meet and confer dialogue.

6        The burden of persuasion in any such challenge proceeding shall be on the

7  Designating Party. Until the court rules on the challenge, all parties shall continue to

8  afford the material in question the level of protection to which it is entitled under the

9  Producing Party's designation.

10 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

11       7.1    Basic Principles. A Receiving Party may use Protected Material that is

12 disclosed or produced by another Party or by a non-party in connection with this case

13 only for prosecuting, defending, or attempting to settle this litigation. Such Protected

14 Material may be disclosed only to the categories of persons and under the conditions

15 described in this Order. When the litigation has been terminated, a Receiving Party

16 must comply with the provisions of section 11, below (FINAL DISPOSITION).

17       Protected Material must be stored and maintained by a Receiving Party at a

18 location and in a secure manner that ensures that access is limited to the persons

19 authorized under this Order.

20       7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

21 otherwise ordered by the court or permitted in writing by the Designating Party, a

22 Receiving Party may disclose any information or item designated CONFIDENTIAL

23 only to:

24       (a)    the Receiving Party's Outside Counsel, as well as employees of said

25 Counsel to whom it is reasonably necessary to disclose the information for this

26 litigation;

27

28

**Winston & Strawn LLP**
333 South Grand Avenue
Los Angeles, CA 90071-1543

9

Case 2:11-cv-03473-CBM-MAN   Document 78   Filed 08/10/12   Page 11 of 20   Page ID
#:1372

**Winston & Strawn LLP**
333 South Grand Avenue
Los Angeles, CA 90071-1543

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     experts (as defined in this Order) engaged by or for the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     an author or intended recipient (e.g., persons "cc'd" or "bcc'd") of the document or the original source of the information, or witnesses who reviewed the document before the commencement of this action, or who are reasonably believed to have previously received the document.

(h)     a deposition witness if the witness is employed, at the time of his or her deposition, by the party that designated the Protected Material.  Any document designated as Protected Material that contains handwriting may be shown to a deposition witness for the purpose of determining whether the deposition witness is the author of the Protected Material or the handwriting, provided that the attorney establishes through deposition testimony a reasonable and good faith basis for believing that the Protected Material or handwriting was or could have been authored by the deposition witness, and provided that the attorney takes reasonable steps to

10

Case 2:11-cv-03473-CBM-MAN   Document 100   Filed 10/05/12   Page 12 of 21   Page ID
Case 2:11-cv-03473-CBM-MAN   Document 78   Filed 08/10/12   Page 12 of 20   Page ID
#:1373

1    ensure that no unnecessary disclosure of Protected Material takes place (e.g., by

2    showing the deposition witness a limited sample of the handwriting at issue).

3        7.3    Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

4    ONLY" Information or Items. Unless otherwise ordered by the court or permitted in

5    writing by the Designating Party, a Receiving Party may disclose any information or

6    item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only

7    to:

8        (a)    the Receiving Party's Outside Counsel, as well as employees of said

9    Counsel to whom it is reasonably necessary to disclose the information for this

10   litigation;

11       (b)    Experts engaged by or for the Receiving Party to whom disclosure is

12   reasonably necessary for this litigation and who have signed the "Agreement to Be

13   Bound by Protective Order" (Exhibit A);

14       (c)    the Court and its personnel;

15       (d)    court reporters, their staffs, and professional vendors to whom disclosure

16   is reasonably necessary for this litigation and who have signed the "Agreement to Be

17   Bound by Protective Order" (Exhibit A);

18       (e)    an author or intended recipient (e.g., persons "cc'd" or "bcc'd") of the

19   document or the original source of the information;

20       (f)    a deposition witness if the witness is employed, at the time of his or her

21   deposition, by the party that designated the Protected Material. Any document

22   designated as Protected Material that contains handwriting may be shown to a

23   deposition witness for the purpose of determining whether the deposition witness is

24   the author of the Protected Material or the handwriting, provided that the attorney

25   establishes through deposition testimony a reasonable and good faith basis for

26   believing that the Protected Material or handwriting was or could have been authored

27   by the deposition witness, and provided that the attorney takes reasonable steps to

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

11

Case 2:11-cv-03473-CBM-MAN    Document 100    Filed 10/05/12    Page 13 of 21    Page ID
Case 2:11-cv-03473-CBM-MAN    Document 73    Filed 08/10/12    Page 13 of 20    Page ID
#:1374

1   ensure that no unnecessary disclosure of Protected Material takes place (e.g., by

2   showing the deposition witness a limited sample of the handwriting at issue).

3   8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

4   OTHER LITIGATION.

5       If a Receiving Party is served with a subpoena or an order issued in other

6   litigation that would compel disclosure of any information or items designated in this

7   action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS'

8   EYES ONLY," the Receiving Party must so notify the Designating Party, in writing

9   (by fax, if possible) immediately and in no event more than three court days after

10  receiving the subpoena or order.  Such notification must include a copy of the

11  subpoena or court order.

12      The Receiving Party also must immediately inform in writing the Party who

13  caused the subpoena or order to issue in the other litigation that some or all the

14  material covered by the subpoena or order is the subject of this Order.  In addition, the

15  Receiving Party must deliver a copy of this Order promptly to the Party in the other

16  action that caused the subpoena or order to issue.

17      The purpose of imposing these duties is to alert the interested parties to the

18  existence of this Order and to afford the Designating Party in this case an opportunity

19  to try to protect its confidentiality interests in the court from which the subpoena or

20  order issued.  The Designating Party shall bear the burdens and the expenses of

21  seeking protection in that court of its confidential material — and nothing in these

22  provisions should be construed as authorizing or encouraging a Receiving Party in this

23  action to disobey a lawful directive from another court.

24  9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

25      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

26  Protected Material to any person or in any circumstance not authorized under this

27  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

28  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

12

Case 2:11-cv-03473-CBM-MAN   Document 100   Filed 10/05/12   Page 14 of 21   Page ID
Case 2:11-cv-03473-CBM-MAN   Document 78   Filed 08/10/12   Page 14 of 20   Page ID
#:1375

1   to retrieve all copies of the Protected Material, (c) inform the person or persons to

2   whom unauthorized disclosures were made of all the terms of this Order, and (d)

3   request such person or persons to execute the "Agreement to Be Bound by Protective

4   Order" that is attached hereto as Exhibit A.

5   10.   FILING PROTECTED MATERIAL.

6        10.1   Compliance with Civil Local Rule 79-5 Required.  Without written

7   permission from the Designating Party or a court order secured after appropriate

8   notice to all interested persons, a Party may not file in the public record in this action

9   any Protected Material.  A Party that seeks to file under seal any Protected Material

10  must comply with Civil Local Rule 79-5.

11       10.2   Use of Protected Material in Filings with the Court.  In the event a party

12  wishes to use any Protected Material, or any papers containing or making reference to

13  the contents of such Protected Material, in any pleading or document filed with the

14  Court in this action, such pleading or document and Protected Material shall be

15  redacted to conceal any Protected Material or shall be filed under seal.  All materials

16  so filed shall be released from confidential treatment by the Clerk of the Court only

17  upon further order of the Court or pursuant to a stipulation of all Parties.

18  11.   FINAL DISPOSITION.

19       Unless otherwise ordered or agreed in writing by the Producing Party, within

20  sixty days after the final termination of this action, each Receiving Party must return

21  or, at its option, destroy all Protected Material to the Producing Party.  As used in this

22  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

23  summaries or any other form of reproducing or capturing any of the Protected

24  Material.  With permission in writing from the Designating Party, the Receiving Party

25  may destroy some or all of the Protected Material instead of returning it.  Whether the

26  Protected Material is returned or destroyed, the Receiving Party must submit a written

27  certification to the Producing Party (and, if not the same person or entity, to the

28  Designating Party) by the sixty day deadline that identifies (by category, where

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

13

Case 2:11-cv-03473-CBM-MAN   Document 100   Filed 10/05/12   Page 15 of 21   Page ID
#:1376
Case 2:11-cv-03473-CBM-MAN   Document 78   Filed 08/10/12   Page 15 of 20   Page ID

1    appropriate) all the Protected Material that was returned or destroyed and that affirms

2    that the Receiving Party has not retained any copies, abstracts, compilations,

3    summaries or other forms of reproducing or capturing any of the Protected Material.

4    Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

5    pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

6    work product, even if such materials contain Protected Material. Any such archival

7    copies that contain or constitute Protected Material remain subject to this Order as set

8    forth in Section 4 (DURATION), above.

9    12.    MISCELLANEOUS

10      12.1    Right to Further Relief. Nothing in this Order shall prevent any party or

11    other person from seeking modification of this Order. Further, this Order is without

12    prejudice to the right of any party to seek relief from the Court, upon good cause

13    shown, from any of the restrictions provided above or to impose additional restrictions

14    on the disclosure of any information or material produced. Further, this Order is

15    without prejudice to the right of any party to move the Court for entry of a separate

16    protective order as to any particular document, evidence, or information.

17      12.2    Right to Assert Other Objections. By stipulating to the entry of this

18    Order, no Party waives any right it otherwise would have to object to disclosing or

19    producing any information or item on any ground not addressed in this Order.

20    Similarly, no Party waives any right to object on any ground to use in evidence of any

21    of the material covered by this Order.

22      12.3    Designations Not Evidence. The Parties have stipulated to this Order to

23    facilitate discovery and the production of relevant evidence in this action. Neither the

24    entry of this Order, nor the designation of any information, document, or the like as

25    Protected Materials, nor the failure to make such designation, shall constitute evidence

26    with respect to any issue in this action.

27

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL
CASE NO. CV11-3473 CBM (MANx)

Case 2:11-cv-03473-CBM-MAN  Document 100  Filed 10/05/12  Page 16 of 21  Page ID
Case 2:11-cv-03473-CBM-MAN  Document 08  Filed 08/10/12  Page 16 of 20  Page ID
#:1377

12.4   Expert Materials.

    (a)   Notwithstanding any contrary requirement, the parties shall not be required to disclose or produce in discovery or at trial any:

        (i)   drafts of expert reports, regardless of whether such drafts have been disclosed or otherwise transmitted to in-house or outside counsel, employees, or consultants for the party or parties who have retained such expert;

        (ii)   notes or other documents prepared by the expert, or his or her staff, unless relied upon as a basis for his or her opinions;

        (iii)   documents or information constituting or reflecting oral or written communications between the expert and his or her staff, unless relied upon as a basis for his or her opinions; or,

        (iv)   documents or information constituting or reflecting oral or written communications between the expert and the party, parties, or counsel who retained the expert in this action, unless relied upon as a basis for his or her opinions.

    (b)   Experts, their staff, and counsel are free to discard, and need not preserve, copies of any of the documents listed in sub-paragraphs (i) through (iv) above.

12.5   Interpretation.  No provision of this Order, and no designation, failure to designate, objection, or conduct taken by any Designating Party in accordance therewith, shall constitute or be construed as:

    (a)   a waiver by any person of any privilege or immunity that may apply to any Discovery Material;

    (b)   a discharge or modification of any party or non-party's obligations to answer, respond to, or comply with any discovery request in accordance with the Federal Rules of Civil Procedure;

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

15

Case 2:11-cv-03473-CBM-MAN   Document 100   Filed 10/05/12   Page 17 of 21   Page ID
#:1378
Case 2:11-cv-03473-CBM-MAN   Document 78   Filed 08/10/12   Page 17 of 20   Page ID

1          (c)     an agreement by any person to produce any documents or to

2  supply any information;

3          (d)     an admission that documents responsive to any discovery request

4  actually exist, are relevant or material in any way to the issues raised in the pending

5  action, are admissible evidence in such action, or enjoy any legal or protected status as

6  confidential or proprietary; and

7          (e)     a waiver or forfeiture of any trade secret, intellectual-property or

8  proprietary right to, in, or with respect to any Protected Material; or

9          (f)     a modification, discharge, or abandonment of any pre-existing

10  legal obligation that any Designating Party may have to keep any Discovery Material

11  confidential or secret.

12       12.6   Client Consultation.  Nothing in this Order shall prevent or otherwise

13  restrict counsel from rendering advice to their clients in connection with this action

14  and, in the course thereof, relying generally on examination of Protected Materials;

15  provided, however, that in rendering such advice and otherwise communicating with

16  clients regarding this action, counsel shall not make specific disclosure of any item so

17  designated or the contents thereof except pursuant to Paragraphs 7.2 and 7.3 of this

18  Order.

19       12.7   Subpoenas by Other Courts or Agencies.  If another court or an

20  administrative agency subpoenas or orders production of Protected Material that a

21  party has obtained in discovery in this action, the party that has received the subpoena

22  or order shall notify the Designating Party of the pendency of such subpoena or order

23  within ten (10) business days of receiving the subpoena or order or ten (10) business

24  days before the date of production set forth in the subpoena or order, whichever comes

25  first.  The Designating Party shall then have five (5) business days to notify the person

26  receiving the subpoena of the Designating Party's intent to intervene to resist the

27  subpoena.  Should the Designating Party give notice of such an intent, in writing, the

28  party receiving the subpoena shall cooperate with the Designating Party and take

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

16

Case 2:11-cv-03473-CBM-MAN   Document 100   Filed 10/05/12   Page 18 of 21   Page ID
Case 2:11-cv-03473-CBM-MAN   Document 98   Filed 08/10/12   Page 18 of 20   Page ID
#:1379

reasonable measures to protect the interests of the Designating Party, including objecting to the subpoena on the basis of this Order and taking steps necessary to withhold production while the intervening party's motion is pending.

IT IS SO STIPULATED.

Dated:  August 10, 2012                    WINSTON & STRAWN LLP


                                           By:  /s/ Erin R. Ranahan
                                                Gail J. Standish
                                                Erin R. Ranahan

                                           Attorneys for Defendants
                                           ARCHER-DANIELS-MIDLAND
                                           COMPANY, CARGILL, INC., CORN
                                           PRODUCTS INTERNATIONAL, INC.,
                                           THE CORN REFINERS ASSOCIATION,
                                           INC., and TATE & LYLE
                                           INGREDIENTS AMERICAS, INC.

*Additional counsel for Defendants:*
Cornelius M. Murphy (admitted *pro hac vice*)
nmurphy@winston.com
Bryna J. Dahlin (admitted *pro hac vice*)
bdahlin@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703


Dated:  August 10, 2012                    SQUIRE SANDERS (US) LLP


                                           By:  /s/ Adam R. Fox *[w/ permission]*
                                                Adam R. Fox
                                                David S. Elkins

                                           Attorneys for Plaintiffs
                                           WESTERN SUGAR COOPERATIVE,
                                           MICHIGAN SUGAR COMPANY, C & H
                                           SUGAR COMPANY, INC., UNITED

17

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Case 2:11-cv-03473-CBM-MAN   Document 68   Filed 08/10/12   Page 19 of 20   Page ID #:1380

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATES SUGAR CORPORATION, AMERICAN SUGAR REFINING, INC., THE AMALGAMATED SUGAR COMPANY LLC, IMPERIAL SUGAR CORPORATION, MINN-DAK FARMERS COOPERATIVE, THE AMERICAN SUGAR CANE LEAGUE OF THE U.S.A., INC., and THE SUGAR ASSOCIATION, INC.

**Winston & Strawn LLP**
333 South Grand Avenue
Los Angeles, CA 90071-1543

18

Case 2:11-cv-03473-CBM-MAN   Document 100   Filed 10/05/12   Page 20 of 21   Page ID
Case 2:11-cv-03473-CBM-MAN   Document 78   Filed 08/10/12   Page 20 of 20   Page ID
#:1381

[PROPOSED] ORDER

Good Cause Appearing, the Court approves and enters this Stipulation and
Protective Order Governing Discovery Material.   IT IS SO ORDERED.

DATED:   _10/⊇/12_

_____
HON. ~~MARGARET A. NAGLE~~   CONSUELO B. MARSHALL
UNITED STATES MAGISTRATE JUDGE

---

19

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Case 2:11-cv-03473-CBM-MAN   Document 100   Filed 10/05/12   Page 21 of 21   Page ID
Case 2:11-cv-03473-CBM-MAN   Document 78-1   Filed 08/10/12   Page 1 of 1   Page ID
#:1382

**Winston & Strawn LLP**
333 South Grand Avenue
Los Angeles, CA 90071-1543

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on _____ [date] in the case of *Western Sugar*

*Cooperative, et al. v. Archer-Daniels-Midland Company, et al.,* Case No. CV11-3473

CBM (MANx).  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.  I further agree to submit to the

jurisdiction of the United States District Court for the Central District of California for

the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name]

of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

EXHIBIT A – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL
CASE NO. CV11-3473 CBM (MANx)