# EXHIBIT 15



Squire Sanders (US) LLP
600 Hansen Way
Palo Alto, California  94304

O  +1 650 856 6500
F  +1 650 843 8777
squiresanders.com

David S. Elkins
T  +1 650 843 3378
david.elkins@squiresanders.com

September 11, 2013

**VIA E-MAIL**

Gail J. Standish, Esq.
gstandish@winston.com
Erin R. Ranahan, Esq.
eranahan@winston.com
Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Stephen V. D'Amore, Esq.
sdamore@winston.com
Bryna J. Dahlin, Esq.
bdahlin@winston.com
Bryce A. Cooper, Esq.
bcooper@winston.com
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

Re:   *Western Sugar Cooperative, et al. v. Archer-Daniels-Midland Company, et al.*
       **Defendants' designations of documents under the Stipulated Protective Order**

Counsel:

We write to meet and confer regarding your designations of documents produced by the Corn Refiners Association ("CRA") under the Stipulated Protective Order ("SPO").  In particular, just as was the case for the productions of Dr. Rippe, Mr. White and White Technical Research, you appear to be designating many documents under the SPO without justification.  Doing so is improper and must be corrected.

Both sides have asked the other for substantial quantities of documents, among them "confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted."  SPO ¶1.  Nevertheless, the SPO expressly "does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential."  *Id.*

CRA's productions of documents through August 2013 contained 58,739 documents totaling 193,613 pages.  Of those, about 98% of the total – whether measured on a document or page basis – are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY ("AEO") under the SPO.  By contrast, only about 35% of the documents produced by plaintiffs are designated under the SPO.  While some disparity might conceivably exist between the two sides in their respective need to designate discovery information under the SPO, the chasm here apparently stems from overuse of the available designations.

39 Offices in 19 Countries

Squire Sanders (US) LLP is part of the international legal practice Squire Sanders which operates worldwide through a number of separate legal entities.

Please visit squiresanders.com for more information.

Squire Sanders (US) LLP

Gail J. Standish, Esq.
Stephen V. D'Amore, Esq.
Bryna J. Dahlin, Esq.
Erin R. Ranahan, Esq.
Bryce A. Cooper, Esq.
September 11, 2013

Indeed, although our review of CRA's productions is not complete, we have identified numerous instances of patently improper designations. For example, we have identified a number of press releases, publicly available technical or scientific articles, and documents from court records designated as CONFIDENTIAL – and even some as AEO. Plaintiffs can avail themselves of the SPO's procedures in paragraph 6 for challenging designations – as we did with respect to certain documents contained in the productions of Dr. Rippe and Mr. White and White Technical Research. But the pattern of overzealous designations here makes doing so infeasible. Both the overwhelming extent of your over-designations and the fact that CRA's production now exceeds 400,000 pages threatens to impose a huge burden on plaintiffs to identify each document that has been improperly designated.

To avoid over-burdening plaintiffs because of the rampant over-designation discussed above, we accordingly request that you do the following:

1.  Commit to reevaluating CRA's production with the aim of de-designating documents undeserving of confidentiality and doing so promptly. We realize that your team is likely focused on producing the Corn Processor Defendants' documents and may thus be constrained in the resources you can devote to reviewing CRA's production now. We thus request that you commit to producing de-designated documents on behalf of CRA no later than October 18.

2.  Provide your assurances that any further productions of documents by defendants will adhere to both the letter and spirit of the SPO.

Should we need to discuss this matter, we can do so tomorrow/Thursday during our 1:30 pm PDT meet and confer regarding scheduling. Indeed, particularly in light of the current case schedule, we are doubly frustrated in our ability to meaningfully confer with our clients about certain documents – at least those improperly designated AEO.

We look forward to a prompt resolution of this issue.

Sincerely,

David S. Elkins

PALOALTO/139098.1

2