1  CALDWELL LESLIE & PROCTOR, PC
   MICHAEL J. PROCTOR, State Bar No. 148235
2    *proctor@caldwell-leslie.com*
   JOAN MACK, State Bar No. 180451
3    *mack@caldwell-leslie.com*
   725 South Figueroa Street, 31st Floor
4  Los Angeles, California 90017-5524
   Telephone: (213) 629-9040
5  Facsimile: (213) 629-9022

6  Attorneys for Defendants and Counterclaimants
   TATE & LYLE INGREDIENTS AMERICAS
7  LLC, and INGREDION INCORPORATED

8  ROBIE & MATTHAI, A Professional Corporation
   EDITH R. MATTHAI, State Bar No. 66730
9    *matthai@romalaw.com*
   T. JOHN FITZGIBBONS, State Bar No. 238439
10   *jfitzgibbons@romalaw.com*
   500 S. Grand Avenue, Suite 1500
11 Los Angeles, California 90071-2609
   Telephone: (213) 706-8000
12 Facsimile: (213) 706-9913

13 Attorneys for Non-Party
   SQUIRE PATTON BOGGS (US) LLP

14

15                **UNITED STATES DISTRICT COURT**

16    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

17

| WESTERN SUGAR COOPERATIVE, a Colorado cooperative, et al, | Case No. CV11-3473 CBM (MANx) |
|---|---|
| Plaintiffs, | **STIPULATED APPLICATION FOR AN ORDER PERMITTING *IN CAMERA* REVIEW OF UNREDACTED VERSIONS OF EXHIBITS 3 AND 5 TO INGREDION'S MOTION TO DISQUALIFY SQUIRE PATTON BOGGS AS COUNSEL FOR PLAINTIFFS AND CROSS-DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| ARCHER-DANIELS-MIDLAND COMPANY, a Delaware corporation, et al., | |
| Defendants. | **[*In Camera* Declaration of Michael J. Proctor submitted separately]** |
| | **Date:      September 23, 2014**<br>**Time:      10:00 a.m.**<br>**Crtrm.:     2** |

1    Defendant and Counterclaimant Ingredion Incorporated ("Ingredion") and

2  Non-Party Squire Patton Boggs (US) LLP ("Squire Patton Boggs") hereby stipulate

3  and jointly apply, pursuant to Local Civil Rules 79-5, and pursuant to Federal Rule

4  of Evidence 502(d), for an Order permitting the *in camera* review of the following

5  document:

6    *In Camera* Declaration of Michael J. Proctor and attached Exhibits 3-A and

7  5-A.

8    As set forth in the attached memorandum, good cause exists for granting this

9  application.  The identified documents contain attorney-client communications and

10  attorney work product, which are privileged and cannot be disclosed without

11  violating such privileges; however, this Court needs to review these documents to

12  properly evaluate the issues raised on the motion to disqualify counsel.  Given the

13  privileged nature of the materials, both Ingredion and Squire Patton Boggs believe

14  that such materials should be protected from public disclosure.  Because the

15  identified documents are important to a determination of the issues raised in the

16  motion to disqualify Squire Patton Boggs as counsel for Plaintiffs and Cross-

17  defendants, this Court should grant this application for an *in camera* review of this

18  material.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Case No. CV11-3473 CBM (MANx)

STIPULATED APPLICATION FOR AN ORDER
PERMITTING *IN CAMERA* REVIEW OF UNREDACTED VERSIONS OF EXHIBITS

1      This Application is based on this Application, the attached Memorandum of

2  Points and Authorities, and other records and files in this action and upon such other

3  or further matters as may properly be presented prior to ruling on this application.

4

5  DATED:  September 5, 2014        CALDWELL LESLIE & PROCTOR, PC

6

7                            By           /S/

8                                MICHAEL J. PROCTOR
                            Attorneys for Defendants and Counterclaimants

9                              TATE & LYLE INGREDIENTS AMERICAS

10                              LLC, and INGREDION INCORPORATED

11

12  DATED:  September 5, 2014        ROBIE & MATTHAI

13

14                            By     /S/ (per email authorization 9/5/14)

15                                EDITH R. MATTHAI
                            Attorneys for Non-Party SQUIRE PATTON

16                              BOGGS (US) LLP

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED APPLICATION FOR AN ORDER
PERMITTING *IN CAMERA* REVIEW OF UNREDACTED VERSIONS OF EXHIBITS

1                 **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.     INTRODUCTION**

3          Defendant and Cross-complainant Ingredion Incorporated ("Ingredion") is

4 seeking to disqualify Plaintiffs and Cross-defendants' counsel, Squire Patton Boggs

5 (US) LLP ("Squire Patton Boggs"). Squire Patton Boggs opposes the

6 disqualification motion. Both parties ask this Court to review, *in camera*, certain

7 attorney-client privileged communications and attorney work product, in

8 determining the issues raised by the motion to disqualify.

9                         **FACTUAL BACKGROUND**

10          Ingredion, along with Tate & Lyle Ingredients Americas LLC ("Tate &

11 Lyle"), filed a motion to disqualify counsel on August 26, 2014. [ECF Nos. 232 and

12 233.] In its motion, Ingredion argues that the subject matter of this litigation is

13 substantially related to the subject matter of particular work that lawyers from

14 legacy firm Patton Boggs LLP performed for it. [ECF No. 232 at 22-24.]

15          To support its motion, Ingredion filed redacted copies of bills from Patton

16 Boggs for that work. [Declaration of Michael N. Levy, Exs. 3 and 5 (ECF Nos.

17 232-2 at 7-8 and 13-15.] Ingredion offered to provide the Court with unredacted

18 copies for review *in camera*, so long as the Court received those unredacted exhibits

19 pursuant to an order under Federal Rule of Evidence 502(d). [ECF No. 232 at 9

20 n.2.]

21          Squire Patton Boggs disputes that the subject matters are related. [ECF 252-

22 253 at 12-17.] So that the Court may decide the motion and be better informed

23 about the subject matters of the work that Patton Boggs performed for Ingredion,

24 Squire Patton Boggs also requested *in camera* review of the bills in question. [ECF

25 272.]

26          Squire Patton Boggs does not object to Ingredion's proposed procedure, and

27 in light of this Stipulated Application, Squire Patton Boggs will withdraw its

28 Application.

1       Accordingly, both Ingredion and Squire Patton Boggs ask the Court to review

2 *in camera* unredacted copies of relevant Ingredion bills.

3 **LEGAL ARGUMENT**

4       Confidential communications made by a client to an attorney to obtain legal

5 services are protected from disclosure. *Fisher v. United States,* 425 U.S. 391, 403

6 (1976).  While not all communications between attorney and client are privileged,

7 correspondence, bills, ledgers, statements, and time records which reveal the motive

8 of the client in seeking representation, litigation strategy, or the specific nature of

9 the services provided, such as researching particular areas of law, fall within the

10 privilege. *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir.

11 1992).  Given the confidential nature of the information, a district court may

12 conduct an *in camera* inspection of confidential attorney-client communications,

13 including attorney billing statements, to determine issues raised in the litigation.

14 *Clarke v. American Commerce Nat'l Bank*, 974 F2d 127, 129 (9th Cir. 1992) (*in*

15 *camera* inspection of billing statements allowed to determine whether attorney-

16 client privilege applied); *see also Advanced Messaging Techs., Inc. v. EasyLink*

17 *Servs. Int'l Corp.*, 913 F. Supp. 2d 900, 903-04 (C.D. Cal. 2012) (acknowledging

18 review *in camera* of billing statements to decide disqualification motion).

19       Neither Ingredion nor Squire Patton Boggs intends for the Court's review of

20 the unredacted billings to constitute a waiver of any applicable privilege or a release

21 of proprietary information.  Accordingly, Ingredion and Squire Patton Boggs jointly

22 ask that the Court enter its order pursuant to Federal Rule of Evidence 502(d).  That

23 rule states:

24           *(d) Controlling Effect of a Court Order.*  A federal court

25           may order that the privilege or protection is not waived

26           by disclosure connected with the litigation pending

27           before the court—in which event the disclosure is also

28           not a waiver in any other federal or state proceeding.

1   Entry of the order pursuant to this rule will ensure no unintended waiver of the

2   privilege.

3          Ingredion and Squire Patton Boggs hereby submit that, under these

4   circumstances, good cause exists to grant this application for an *in camera*

5   inspection of the identified documents.

6                                              **CONCLUSION**

7          For the foregoing reasons, Ingredion and Squire Patton Boggs seek an order

8   for an *in camera* inspection, pursuant to Federal Rule of Evidence 502(d), of

9   unredacted versions of Ingredion's Exhibits 3 and 5, which are attached to the *In*

10  *Camera* Declaration of Michael J. Proctor.  In the event the Court declines to grant

11  the Stipulated Application, the Court is requested to return the *In Camera*

12  Declaration of Michael J. Proctor, and its accompanying exhibits, to counsel for

13  Ingredion.

14         Ingredion and Squire Patton Boggs appreciate the Court's attention.

15

16  DATED:  September 5, 2014          CALDWELL LESLIE & PROCTOR, PC

17

18                                     By _____/S/_____

19                                         MICHAEL J. PROCTOR
                                       Attorneys for Defendants and Counterclaimants
20                                     TATE & LYLE INGREDIENTS AMERICAS
                                       LLC, and INGREDION INCORPORATED
21

22

23  DATED:  September 5, 2014          ROBIE & MATTHAI

24

25                                     By ____/S/ (per email authorization 9/5/14)____

26                                         EDITH R. MATTHAI
                                       Attorneys for Non-Party SQUIRE PATTON
27                                     BOGGS (US) LLP

28

Case No. CV11-3473 CBM (MANx)
                                       STIPULATED APPLICATION FOR AN ORDER
                 PERMITTING *IN CAMERA* REVIEW OF UNREDACTED VERSIONS OF EXHIBITS